Nov. Term,
1848.

THE STATE
v.
GRESHAM.

THE STATE on the relation of GRIMES *v.* GRESHAM and Others.

Debt on a sheriff's bond. Breach, that the sheriff conducted a sale of lands in an illegal and fraudulent manner, for the purpose of vexing and injuring the plaintiff; and did, by said illegal and fraudulent conduct, sell said lands at a great sacrifice, to plaintiff's damage 50,000 dollars. *Held,* that this assignment was good on general demurrer, and that the averment, that the sale was conducted in an illegal and fraudulent manner, is compounded of law and fact, and is traversable.

The pleas of *non damnificatus* can only be pleaded when the suit is on a bond of indemnity.

*Wednesday,*
*Nov.* 29.

ERROR to the *Carroll* Circuit Court.

BLACKFORD, J.—This was an action of debt, on the relation of *Grimes,* founded on a sheriff's bond.

The first breach states that one *Stewart,* at, &c., recovered judgment against *Grimes* for 2,259 dollars and 93 cents, which was a lien on certain lands of *Grimes's* (describing them) worth 50,000 dollars, and that, by virtue of a certain writ of *fieri facias,* issued on said judgment, the sheriff, *Gresham,* sold said lands greatly below their value, to-wit, for 1,200 dollars, without having legally advertised the same for sale, &c.

The second breach states that the sheriff made said sale without having first offered for sale the rents and profits.

The following is the third breach: That the said sheriff, contrary to his duty in that behalf, conducted the said sale of said lands in an illegal, irregular, fraudulent, and oppressive manner, for the purpose of vexing, harassing, and injuring said *Grimes,* and causing said lands to be sold at a great sacrifice, and for sums greatly below their real value, and did, by said illegal, irregular, fraudulent, and oppressive conduct, sell, and cause to be sold the said lands at a great sacrifice, and for sums greatly below their real value; whereby *Grimes* sustained a damage of 50,-000 dollars.

The fourth breach states, that said *Stewart,* before the sale, directed the sheriff, by a written order, to return the execution, noting on his return that no other execution

was to issue until, &c.; that the sheriff refused to comply with said order, and made the sale at a great sacrifice, &c.

Fifth breach; that the sheriff, without authority, procured said execution to be issued; that he refused to suspend the sale, though ordered to do so by persons authorized to make the order; and that, contrary to such order, he fraudulently made the sale.

The following is the sixth breach: That said *Gresham,* so being sheriff as aforesaid, and contrary to his duty as such sheriff in that behalf, to-wit, on, &c., did, unlawfully, oppressively, extortiously, and, by color of his said office, and for the purpose of injuring said *Grimes,* ask, demand, make, tax, charge, and receive of and from said *Grimes,* and out of the said proceeds of said sale, as and for his fees and costs for serving said writ and making said sale, a large sum of money, to-wit, 100 dollars, over and above the legal fees and costs allowed him by law in that behalf; whereby *Grimes* sustained damage to the amount of 300 dollars.

The declaration also alleges certain special damages to have been sustained by *Grimes* by reason of said breaches.

General demurrers to the third and sixth breaches, and the demurrers sustained.

To the other breaches the following pleas, among others, were filed:

First—That *Grimes* had not been damnified by means of anything in the condition of said writing obligatory mentioned. Verification.

Secondly—That if *Grimes* had been damnified on account of anything in said condition mentioned, he had been so damnified of his own wrong. Verification.

These two pleas were demurred to, and the demurrers overruled.

Judgment for the defendant.

We think the assignment of the third breach is sufficient in substance. It alleges that the sheriff conducted

said sale, (that is, the before-mentioned execution-sale of *Grimes's* lands, worth 50,000 dollars, for 1,200 dollars) in an illegal and fraudulent manner, for the purpose of injuring *Grimes*, and did, by said illegal and fraudulent conduct, sell and cause to be sold said lands at a great sacrifice, to *Grimes's* damage 50,000 dollars.

This assignment is objected to, because the facts showing the sale to have been illegally and fraudulently conducted, are not set out; but if the assignment be objectionable on that ground, the objection is only to the form, and is not reached by a general demurrer. That the sale was conducted in an illegal and fraudulent manner, is an averment compounded of law and fact, and is traversable. Suppose that, to this breach, there had been a plea denying that the sale was made in an illegal and fraudulent manner, the plaintiff, to establish the breach, must have introduced proof to show the illegality and fraud charged, and such proof would have been for the consideration of the jury. This shows that the averment, that the sale was conducted in an illegal and a fraudulent manner, is not an averment of a mere result of law. In *Phillips* v. *Bacon*, 9 East, 299, which was an action on the case against a sheriff for negligent and wrongful conduct in conducting the sale of the plaintiff's goods under an execution, the declaration, which was not objected to, describes the defendant's conduct in as general terms as those used in the present case.

The sixth breach is also substantially good. The statement that the sheriff unlawfully and extortiously demanded and received for his fees, for certain services, out of the proceeds of the sale before described, 100 dollars more than the law allowed him, though informal, was not objectionable on general demurrer.

The pleas of *non damnificatus*, and that if *Grimes* had been damnified it was of his own wrong, are inadmissible in a case like the present, where the suit is on a bond conditioned for the discharge of official duties. Such pleas have been held, by this Court, to be bad in a suit

on a replevin bond. *Sherry* v. *Forceman*, 6 Blackf. 56. Indeed, we believe they can be pleaded only where the suit is on a bond of indemnity.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, with leave to the defendants to plead, &c.

R. A. *Lockwood*, for the plaintiff.

Z. *Baird*, for the defendant.