[No. 5391.]
[No. 3041 C. A.]

PAXTON ET AL. V. HERON ET AL.

1.  Corporations — Directors — Quorum — Claim for Services —
    Claimant Disqualified to Act.

A director, who is a claimant for services, cannot be counted, either in person or proxy, as one of a quorum in passing on .such claim; nor is he qualified to act in accepting the resignation of other directors and in voting to fill such vacancies, where the evident scheme on his part and that of certain other directors is to thereby effect the allowance of such claim.—P. 151.

2.  Corporations — Directors—Meetings—Names Affixed Fraudu-
    lently—Effect.

A director, disqualified from acting on his claim against the company, was counted in a quorum which accepted the alleged resignations of two other directors and filled such vacancies with the evident object in view of thereby effecting the allowance of such claim. Held, that there was no legal quorum of the board either to accept such resignations or to fill the alleged vacancies, and therefore any action taken by a quorum composed of the new members was invalid; and the fact that the required number of names were affixed to the minutes adds nothing to the validity of such action.—P. 152.

3.  Execution—Sale—Time When Title Vests.

The legal title to property sold under an execution remains in the judgment debtor until the execution and delivery of the sheriff's deed.—P. 153.

4.  Corporations — Stockholders — Setting Aside Invalid Judg-
    ments — Actions on Behalf of Corporation — Officers —
    Estoppel.

It being the duty of the officers of a corporation to act for it in redeeming its property from an execution sale, it would be inequitable to permit them, in an action by the minority stockholders to enjoin a sale of corporate property under execution, to defeat such action on the ground that the property had been lost to the corporation by a prior execution levy and sale, and thereby permit them to take advantage of their own failure to redeem.—P. 153.

5.  Same.

That a stockholder holds an assignment of a certificate of sale of corporate property under an execution does not prevent him and other minority stockholders, for the benefit of the com-

pany, from assailing the validity of another judgment against the corporation, where he took the assignment for the protection of himself and other stockholders similarly situated, and held it for that purpose.—P. 153.

6. Same.

The interest of a stockholder as such in the corporation entitles him to maintain an action for relief against a fraudulent judgment against the company.—P. 154.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Chas. C. Holbrook, Judge.*

Action by J. H. Heron, D. D. Sullivan, T. W. Connors, P. W. Bohen, Francis Garvey, George F. Connors, James Mullen, D. W. McCain, William Quinn, J. F. Rinsey, F. D. Amick, Albert Hahnewalt, and W. L. Davis, against Joseph Paxton and L. F. Long, The Canterbury Mining Company and Charles F. Saunders. From a judgment for plaintiffs, defendants appeal.        *Affirmed.*

Mr. C. H. Pierce, for appellants.

Mr. Charles R. Bill and Mr. S. D. Walling, for appellees.

Mr. Justice Campbell delivered the opinion of the court:

This action was brought by the plaintiffs, appellees here, as minority stockholders of The Canterbury Mining Company, in behalf of themselves and other stockholders similarly situated, against the defendant company and its managing officers, appellants here, to enjoin a threatened sale of mining property belonging to the defendant company under an execution issued on a judgment rendered against it in favor of one of the defendants, Paxton, as assignee of defendant Saunders, and which, it was

alleged by the plaintiffs, was obtained through the collusion and fraudulent conduct of the judgment creditor, who was president of defendant company, and other controlling officers and directors thereof upon a pretended and unauthorized confession of judgment; and that such conspiracy and fraudulent plan, so entered into by the defendants, had for its object the wrecking of the company and the injury of the minority stockholders. No question is raised by defendants as to the right of plaintiffs, as contra-distinguished from the right of the corporation, to bring this suit, since the wrongs charged are against its controlling officers.

In the answer of the individual defendants, as well as in the separate answer of the defendant company, the alleged frauds are denied, and as a separate and affirmative defense it is set up that plaintiffs are not entitled to maintain the action as stockholders because title to the property threatened to be sold had passed from the company before the Paxton judgment was obtained, and at the time of the institution of this action, hence the stockholders, as such, had no rights in or to the property levied upon which could be enforced in equity.

The trial court found the facts in favor of the plaintiffs and enjoined the sale. The defendants appeal.

The principal grounds relied upon for reversal are thus summarized by appellants: (1) There is at least grave doubt that the Paxton judgment upon which the execution issued was regular and valid, and injunctive relief therefore should have been denied; (2) the property of the defendant company had been lost to that corporation by a prior execution levy and sale; (3) the rights of plaintiffs are not such as to give them any standing in equity.

1.   So far as concerns our present inquiry, the validity of the Paxton judgment depends altogether upon the regularity and validity of an alleged meeting of the board of directors of defendant company on August 22, 1902, at which, it is said, was passed a motion allowing one of its directors, Saunders, the sum of $10,000 for services as general manager for two years, and a resolution authorizing the attorney of the company to enter its appearance and confess judgment upon such claim in a contemplated action thereon, which claim, assigned by Saunders to Paxton, was afterwards reduced to the judgment complained of.

There were five directors of the company, and at the time of the alleged meeting the board consisted of Hahnewalt, Paxton, Connors, Cook and Saunders.   The minutes, as spread upon the books of the company, recite that there were present at this meeting of the board Connors, Cook and Saunders, and that Hahnewalt and Paxton were absent. There was also a recital that Pierce and Harris, stockholders of the company, were present, and after the meeting was called to order Hahnewalt and Paxton resigned as directors, their resignations were accepted to take effect at once, and Pierce and Harris elected to fill the two vacancies thus created.   The record further recites that Saunders stated that he had a claim for services against the company as general manager for two years past, and wished the board to fix compensation therefor, and to take action which would enable him to realize upon the same, and after a consultation, in which the newly-elected directors assumed their duties, it was agreed that the sum of $10,000 should be allowed Saunders for his services, and upon a ballot taken the motion was carried to pay him this sum.   Upon the further suggestion that the company had no available funds,

the record recites that a motion was made and upon ballot taken was carried, authorizing the attorney of the company to confess judgment in its behalf for the sum of $10,000 allowed Saunders. Affixed to these minutes as spread upon the records were the signatures of five persons purporting to be directors.

There is a by-law of the company that three directors, present in person or by proxy, shall constitute a quorum for the transaction of business. The testimony produced before the trial court tended to show, and from it it is apparent that the court found, that no such meeting of the board ever took place at any time. Neither Pierce nor Harris was present in person at the alleged meeting, either as director or stockholder, and no claim is made that they were. Connors testified positively that he was not present. Saunders was not present in person, but says that Cook held his proxy as director. So there could have been only two directors present— Cook and Saunders, the latter by Cook as proxy— had any such meeting been held.

But if there had been a meeting of the board of directors at the time mentioned, with Cook and Saunders both present, all its acts are clearly void. Saunders, as a claimant for services due him, could not, as a director, either in person or by proxy, be counted as one of a quorum in passing upon it. It is a case where duty to the company and self interest conflicted, and he was disqualified to act, even if it was competent for Cook to act for him by proxy. It is not necessary in this case to determine whether or not a by-law is valid which permits one director to act for another in the transaction of business of the company which is entrusted by its charter to the directors as a body. It has been held by respectable authority that such a by-law is unreasonable and

void.—*Craig Medicine Co. v. Merchants' Bank*, 59
Hun 561; 3 Clark & Marshall on Corporations 2074,
2088; 3 Thompson on Corporations, § 3909; Green's
Brice's *Ultra Vires* (2d Am. ed.) 490 *et seq.*

But if this by-law should be held valid, certainly
Saunders was disqualified to act as a director either
in the allowance of his own claim, or in accepting the
alleged resignations of two of the directors, and in
voting to fill the vacancies, because each and all of
such acts were necessary, and a part of the evident
scheme on his part and that of other officers of the
company in allowing this claim and reducing it to
judgment.—*Morgan v. King*, 27 Colo. 539; *Jones v.
Morrison et al.*, 31 Minn. 140; 3 Clark & Marshall
on Corporations, 2086 *et seq.*, 2296 *et seq.*

The fact that the names of five persons, purport-
ing to be the five directors, are affixed to this minute,
adds nothing whatever to the efficacy of the supposed
official action.  Saunders could not act, for the rea-
sons already stated.  Connors' name was so written
·as the result of fraud, and is to be disregarded.
This leaves Cook as the only director who could have
acted had there been a meeting.  He did not consti-
tute a quorum of the board, hence neither Harris nor
Pierce was elected as a director, and their signatures
on the record are worthless.

The findings of the trial court that Saunders'
claim for services was extortionate may, for our
present purpose, be laid aside, because the evidence
conclusively shows either one (or both) of two
things: that the pretended board meeting never oc-
curred, or, if so, it was illegal and void.  The con-
fession of judgment by the attorney of the company
was, therefore, without due, or any, authority.

2.  It is, however, argued by counsel for appel-
lants that even if the judgment is void, this action
cannot be maintained because the title of the defend-

ant company to the seized property had been divested before this action was begun. The allegation of the affirmative defense in that behalf is, in substance: When the Paxton judgment was entered and prior thereto and ever since, the defendant company was insolvent and unable to pay its debts, and that more than six months before the beginning of this action its property was sold under an execution upon a prior judgment at the instance of one Neil McCullom, the sheriff's certificate of sale being assigned to, and held by, plaintiff J. H. Heron, and by virtue of that sale the defendant company lost all its right to the property described in the complaint at the expiration of six months from the date of sale.

Manifestly this defense, if true, is insufficient to defeat the present action. There is no allegation that the McCullom execution was issued upon a judgment that was rendered against the defendant company, or that a sheriff's deed was issued upon the certificate of sale, or that the defendant company, or some one in its behalf, had not made a legal redemption therefrom. It is the law in this state, and has been ever since the decision in *Hayes et al. v. N. Y. Gold Mg. Co.,* 2 Colo. 273, that the legal title remains in the judgment debtor until the execution and delivery of the sheriff's deed.—*Manning v. Strehlow,* 11 Colo. 451.

Besides this, the defendants themselves, as the controlling officers of the defendant company, were the ones to act for it in redeeming from the prior execution sale, and the complaint alleges, and the court found, that if there was a failure to do so, it was due to their wrong. It would be inequitable to allow them to defeat the present action by taking advantage of their own wrongful conduct.

3. The argument that plaintiffs' rights as stockholders are not such as to give them standing

in a court of equity, as we understand it, is that the controversy here is not between minority stockholders and offending directors, but, in reality, between rival judgment creditors. It appears from the evidence that Mr. Heron, one of the plaintiffs, is the assignee of J. S. Sandusky, who held the certificate of sale under the McCullom judgment, and defendants claim that Heron, under the guise of a minority stockholder, is really conducting the present litigation in his own behalf as the assignee of the purchaser at the sale under the McCullom, with which he seeks to defeat the Paxton, judgment. The court found against defendants, and there is abundant evidence in support of this finding. The evidence discloses that Heron took an assignment of the certificate of sale under the McCullom judgment for the protection of himself and other stockholders similarly situated, and that he holds it for such purpose does not prevent him and other minority stockholders, for the benefit of the company, from assailing the validity of the Paxton judgment, as, under the evidence, they will be required, as they declare their intention to be, to share the fruits of the former judgment with other stockholders similarly situated to themselves. Besides, as stockholders, their interest in the company entitles them to relief against a fraudulent judgment rendered against it, for it may have other property that could be seized.

It appearing that the findings of the court are sustained by sufficient legal evidence, and that the equities are with plaintiffs, the judgment in their favor is affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.