DENVER JOINT STOCK LAND BANK OF DENVER, COLORADO, A CORPORATION, APPELLANT, v. MARY E. SHERMAN, ADMINISTRATRIX OF THE ESTATE OF GEORGE W. SHERMAN, DECEASED, AND MARY E. SHERMAN, (INDIVIDUALLY), RESPONDENTS.—152 S. W. (2d) 702.

Kansas City Court of Appeals, May 5, 1941.

*James H. Hull, John W. Coots, Jr.* and *David R. Clevenger* for respondents.

194

*Lancie L. Watts* and *Leo F. Sebus* for appellant.

SHAIN, P. J.—This is an action against the makers of a mortgage note for balance due thereon after foreclosure.

Plaintiff's petition is in due form. Defendants answer by general denial and allege a compromise agreement in full satisfaction of said note. Plaintiff before trial filed a general denial. However at the close of all of the evidence, plaintiff by leave of court filed an amended reply.

The issues in this case are clearly defined by defendants' answer and the reply filed by plaintiff at close of the evidence.

Defendants' answer is as follows:

"Come now the defendants herein and for their answer to plaintiff's petition herein as finally amended state:

"1. Defendants deny each and every allegation therein contained.

"2. For further answer defendants state that the promissory note set out in plaintiff's petition has been fully paid, compromised and settled under and by virtue of the terms of ·a comprise agreement entered into by defendants and plaintiff on April 9, 1937; that by said agreement plaintiff promised and agreed, in consideration of the relinquishment by defendants of their claims of the right to redeem certain lands in Colorado and of the right to the possession and to the crops thereon, and in further consideration of the benefit accruing to plaintiff in not being ·required to have recourse to court action in attempting to enforce its claim to the right to have a receiver appointed and thereby saving to plaintiff the expense, inconvenience and delay and uncertainty attendant upon such court action, to accept from defendants in full payment, compromise and satisfaction of all their liability upon said note the surrender of the claim of said defendants to the rights to redeem said lands and to the possession and crops thereon; and said defendants promised and agreed, in consideration of the promise and agreement of plaintiff as above set out, to surrender all their claims of redemption on said lands and to the possession thereof and the crops thereon; that said agreement has been fully executed, that defendants surrendered their claims of the right to redeem said lands ˙and to the possession thereof and executed an assignment of their claim to the crops thereon, and plaintiff was thereby benefited in that it was thereby saved the trouble, delay, expense and uncertainty of an action to attempt to enforce its claim to the right to have a receiver appointed, and plaintiff accepted said surrender of said claims and said assignment of said crops in full payment, satisfaction, compromise and discharge of all its claims against defendants upȯn said note.

. "Wherefore, having fully answered, defendants pray to be dismissed with their costs."

Plaintiff's amended reply is as follows:

"Comes now the plaintiff and for its first amended reply to defend-· ants' first amended answer, and denies each and every allegation therein contained.

"And for its further reply to said answer; plaintiff states that on September 9, 1936, there was in force and effect Section 1 of the Act of May 3, 1929, duly enacted by the Legislature of the State of Colorado, printed at page 538 of the Session Laws of Colorado of 1929, by which it is provided that:

"'Section 1. Within six months after the. date of the ·sale of real estate by virtue of any foreclosure of a mortgage, trust deed or other lien, or by virtue of an execution and levy, the owner of the premises or any person who might be liable upon a deficiency ·may redeem the

premises sold by paying to the public trustee, sheriff or other proper officer the sum for which the property was sold, with interest from the date of sale at the rate of eight per cent per annum, together with any taxes paid or other proper charges as now provided by law and a certificate of redemption shall be executed by the proper officer and recorded and the public trustee, sheriff, or other proper officer shall forthwith pay said money to the holder of the certificate of purchase.'

"That by virtue of said statute, and the foreclosure on September 9, 1936, referred to in plaintiff's petition, all rights to redeem, and all other rights to said real estate, ceased to exist on March 9, 1937; and that on April 9, 1937, defendants had no right to the real estate, no right to redeem, no right to the possession, no right to the crops, and no right to the lease thereon; that the agreement of April 9, 1937, if any, was without consideration and of no force and effect to discharge defendants of their obligation."

There was a jury trial, and at the close of all the evidence and after plaintiff filed its amended reply, plaintiff requested a directed verdict in its behalf. The court refused to give the directed verdict and plaintiff stood on its request and refused to argue the case, but interposed objections during argument by defendants' counsel. The defendants requested and court gave instructions in their behalf and defendants argued the case. The cause was submitted to the jury and jury returned verdict for defendants. Judgment was in accordance and plaintiff duly appealed.

The appealing plaintiff, as to its assignments of error, says:

"Appellant has designated a number of errors of the trial court, but the two principal points raised are, first, that there was no consideration for the promise allegedly made on behalf of the bank. Second, that the Court erred in receiving parol evidence to modify, alter and add to the written assignment of April 9, 1937."

We will continue to refer to appellant as plaintiff and to respondents as defendants.

Plaintiff makes four points supported by authorities. The points are stated as follows:

"I.

"The relinquishment by a mortgagor of the claims to the right to redeem, right to the possession and the right to the crops on the mortgaged premises, after the period of redemption has expired, is no consideration for an agreement by the mortgagee to cancel the balance due on the mortgage notes."

"II.

"Parol testimony is inadmissible to vary the terms of a written contract.

"III.

"Instructions cannot go beyond the pleadings.

"IV.

"Appeals to prejudice or sympathy in the final argument are reversible error."

OPINION.

The foreclosure out of which the issues in this case arise occurred in the State of Colorado and is a reflection of the financial depression, drouth and dust-bowl condition.

There is no question raised as to the corporate existence of plaintiff and the execution of the note and deed of trust involved stands admitted. Plaintiff's first petition was filed July 13, 1938. Before pleadings were made up, death of George W. Sherman was suggested and Mary E. Sherman, wife of deceased, is made defendant as administratrix of husband's estate and individually. The issues upon which case was tried were made up by amended petition filed by plaintiff at the September, 1940, Term; amended answer filed by defendants at November, 1940, Term, and plaintiff's reply filed in November, 1940, Term. The cause was taken up for trial on December 2, 1940, being a day of the November, 1940, Term of the Circuit Court of Platte County, Missouri.

On December 3, 1940, and at the close of the evidence, plaintiff's amended reply, which is set forth above, is shown by the abstract as filed by leave of court. We have noted the filing dates for the reason that the only pleading seeking to apply the law of Colorado to the case is found in plaintiff's reply, as set forth above.

The abstract entry appears as follows:

"On November 25, 1940, the same being the 1st day of the November, 1940, Term, plaintiff filed its reply to the first amended answer of defendants."

During the examination of witnesses, the plaintiff had made inquiry evidently based upon Colorado law and the amended reply is evidently intended to make the pleadings conform to the proof.

Concerning the amended reply, the showing in the Bill of Exceptions appears as follows:

"The Court: That is the way I understood it. Anything further, gentlemen?

"MR. WATTS: Nothing further only at the conclusion of the case plaintiff again asks leave of the Court to file an amended reply, and will file it instanter.

"MR. COOTS: I object to amending the pleading after the close of all of the testimony in the case, for the reason that it constitutes surprise. This case has been pending four years and no such pleading has ever been filed; counsel has had no opportunity to inquire into the Colorado Law; it would seem to be very unfair to amend the pleading after the case is closed."

No showing is made that the court ever ruled upon plaintiff's re-

quest. However, under the affirmative showing of the abstract, we review the case with due consideration to the amended reply.

The trust deed note in question was executed April 22, 1926, and the amount of the note is $12,000. The trust deed was foreclosed September 9, 1936; amount shown due on date of sale was $14,247.18. The land was sold by public trustee and purchaser was the plaintiff and the purchase price was $10,000. Thereafter, and about March 23, 1937, there was given a credit on the balance due in the sum of $661.62, which is credited as proceeds of rentals alleged to be by virtue of assignment of rentals by defendants on May 20, 1936.

Plaintiff's petition alleges balance due on note, after giving credit of purchase price less costs of foreclosure and credit for $661.62, supra, of $3655.70.

No deed was issued by the public trustee to the purchasing plaintiff until June 15, 1937. The present suit was instituted July 13, 1939.

As the verdict and judgment was for defendants, it is our duty to give to defendants the most favorable inferences deducible from the evidence and sustain the judgment unless we conclude that the record discloses error prejudicial to plaintiff.

The controversy in this case revolves around an instrument of writing, introduced by plaintiff, in words and figures as follows:

"Weston, Missouri, April 9, 1937. For value received, I hereby sell assign and transfer, all my interest in lease to the NE ¼ SE ¼ Sec. 10-22-43, S ½ NW ¼ less canal RW & N ½ SW ¼ Sec. 14-22-43, Prowers County, Colorado for the year 1937 to the Denver Joint Stock Bank of Denver, Colorado. Witness: Mary E. Sherman

(Signed)                    George W. Sherman.

"The execution of the above assignment of lease obviates the necessity of the application for a receiver.

"Denver Joint Stock Land Bank by W. M. Ward."

It will be noted that in the instrument as signed by defendants, the only mention of consideration is expressed, "For value received." Below the signed assignment, and signed only by plaintiff by its representative, is found language upon which plaintiff makes a very vital contention, to-wit: That the only consideration for the signing by defendants was to avoid the expenses incident to a receivership.

From an examination of the instrument, we conclude against plaintiff's theory for two reasons. In the first place, there is no language in the assignment indicating such interpretation as expressed in the after statement, signed alone by plaintiff, and such statement is self-serving. In the second place, the fact that said statement declares that the assignment of the lease obviates the necessity for application for a receiver cannot be construed to mean that such was the whole consideration or that by the assignment defendants did not give up something of value that enured to the plaintiff.

Based upon the very language of the assignment, we conclude against

plaintiff on its point two, *supra.* That parol testimony is admissible to prove the actual consideration for said assignment, is Horn Book law and needs no citation of authority.

Under its point, the plaintiff cites Sec. 1, Act of May 3, 1929, Session Laws of Colorado.

We have set forth, *supra,* plaintiff's amended reply wherein the act cited is set forth in full and also the claims that plaintiff makes by virtue of said section.

If all that plaintiff claims by virtue of the section be true, then, of course, the defense made in this case must fail. However, we conclude that the language of section 1, *supra,* does not within itself support all of the conclusions alleged in plaintiff's amended reply.

The record in this case shows that the theories presented by the plaintiff and defendants are directly contrary. The assignment of lease in issue purports to be for value received. The defendants' contention being that the consideration was release from payment of balance alleged as due on the note. The contention made by plaintiff is that the consideration was the benefit to defendants in relieving defendants from expenses of ouster proceedings that accrued to the plaintiff under the law of Colorado touching right of possession after lapse of six months from date of foreclosure and plaintiff presented its case upon the further theory that by statutory enactment of the State of Colorado the right of possession and emolument as to the real estate, ceased at the six months period and as no rights were left in the mortgagor at such time the assignment of the lease was without any consideration that was of any value to plaintiff. That is, that under the law of Colorado, no interest as to possession or emolument was in defendants and, therefore as nothing was surrendered, no consideration.

In order that it might rely upon the Colorado law, at the close of the evidence, and as substantiation as to its rights under the Colorado law, the plaintiff filed an amended pleading and set out the Colorado law upon which it based its claim. Upon a careful examination of the Colorado law as specifically pleaded by plaintiff, we conclude, as based on language used, that the Colorado law plead fails to support plaintiff's claim that it at the time had the right to possession and the right to pursue the remedy, the saving of costs of which, it is claimed enured to the benefit of defendants. Further, that said Colorado law fails to support plaintiff's theory that defendants at the time had no valuable right of possession and emoluments as to the real estate in question, and that the law as plead applied alone to the question of right of redemption.

As the plaintiff had specifically plead the Colorado law and as in its brief Colorado cases as well as Missouri Cases are cited in support of its theory, we deemed it our duty to, before finally concluding as to the plaintiff's contention, to examine into the Colorado law and ascer-

tain if the statutes of that state and the judicial decisions of that state supported the plaintiff's contention.

From our research we find from examination of the Colorado Statutes of 1921 and Compiled Laws of that state, Supplement of 1932, that there is a provision for redemption, by a judgment creditor, that extends nine months after the foreclosure. Under the provisions for such redemption, the property is resold and if it bring an amount above the first that is more than sufficient to pay the first purchaser and expenses of foreclosure, the mortgagor is entitled to credit on the amount due the judgment creditor.

The evidence discloses that but seven months had elapsed at the time the lease assignment, *supra,* was made. In connection with the above, we note that the delivery of the trustee's deed was delayed in accordance with the Colorado law until after the nine months had elapsed. [See Sec. 6055, Colorado Laws 1921 and Supplement 1932.]

Plaintiff's persistent contention that the consideration for the assignment of lease, *supra,* was the saving of expense to the mortgagor of receiver proceedings has caused us to make investigation, and we find that Sec. 5956-8, Laws of Colorado, 1932, Supplement, provides for a receiver when proceedings of foreclosure are commenced and prior to any time before the sale. As sale of foreclosure had already been made before the time of the assignment of the lease, such a proceeding as is contemplated by above section would furnish no basis for consideration.

Sec. 5956-9 provides for receiver and other remedies to prevent waste. There is nothing in the pleadings or evidence herein that calls for consideration of the matter of preventing waste. Therefore, expenses involved under provisions of Sec. 5956-9 are not involved herein.

Prior to and until after the assignment of lease on April 9, 1937, the defendant mortgagor was in lawful possession by and through his lessee. The effect of the assignment was to transfer such possession to the plaintiff.

After the sale by the public trustee (September 9, 1936) the defendant mortgagor had the right to possession and to redeem for a period of six months and had the right of possession for a period of nine months. [Lane v. Morris, 77 Col. 343, 237 Pac. 154.]

In Fish v. East, 114 Fed. Rep., l. c. (2d) 192, the United States Circuit Court of Appeals, 10th District, declares as to Colorado law as follows:

"In Colorado, debtor has the right to remain in possession of real property until sheriff's deeds actually issue, practically the same as under the Ohio Statutes upon which Willis v. Beeler, 6 Cir., 90 F. (2d) 538, was predicated, and title and possession of the premises remain in the judgment debtor until the sheriff's deed is issued and actually delivered, the sheriff having authority to execute process solely from

the statute, acting as a ministerial officer. [McArthur, Rec., v. Boynton, 19 Colo. App. 234, 74 P. 540; Manning v. Shrehlow, 11 Colo. 451, 18 P. 625; Hayes et al. v. New York Gold M. Co., 2 Colo. 273; Paxton v. Heron, 41 Colo. 147, 92 P. 15, 124 Am. St. Rep. 123; Farmers' Union Mut. Prot. Ass'n v. San Luis State Bank, 86 Colo. 293, 281 P. 366, 66 A. L. R. 1166.]''

The opinion in 77 Colorado 343, Lane v. Morris, *supra*, is clearly to the effect that no action lies against the mortgagor to recover compensation for the use of the land until after the expiration of the nine months limit.

Prior to the trial of the cause, the plaintiff took the depositions of both defendants. It appears that outside of Mr. Ward, the agent and collector of plaintiff, and Mr. and Mrs. Sherman, no one else is shown to have been present at the time the lease assignment was made. Prior to the trial, Mr. Sherman died and the only witness offered upon part of defendants is Mrs. Sherman.

The questions and answers in Mrs. Sherman's testimony cover a wide range. She was subjected to vigorous cross examination and the record of her testimony is quite lengthy, partly due to interposing of many objections made and argued by plaintiff's counsel in the presence of the jury and argumentative rejoinders on the part of counsel for the defense. As to such argument pro and con; suffice it to say that, prior to submission, the jury had ample opportunity to be informed as to the theory of the law presented by each side of the case.

The evidence discloses that Mr. Ward, the representative of plaintiff, came from Colorado to Platte County, Missouri, for the purpose of securing the assignment of the lease in question and he went to the defendant's home near Weston, Missouri. We have stated our conclusion, *supra*, as to defendants' right to offer parol testimony. When Mrs. Sherman was on the stand, counsel for defense, confronted by interruptions and cross questions that tended to confuse the witness, was able to elicit from the witness what occurred in her home on the occasion when the lease assignment was signed.

The material effect of the testimony of Mrs. Sherman is shown in questions and answers as follows:

''Q. (By Mr. Coots): Just let me ask another question, it will make this clear to you; as the result of your conversation, which I would like to prove in the proper way, but if we have to—did you and Mr. Sherman make an agreement with Mr. Ward of the Land Bank? A. Yes.''

Counsel for plaintiff to the end of urging an objection interposed in the direct examination and the following occurred:

''Q. (By Mr. Watts): Did you sign that? A. I signed as a witness.

''Q. (By Mr. Watts): And your husband signed? A. Yes.

"Q. (By Mr. Watts): And the bank's representative has signed it? A. Well, I see he has, yes.

"Q. (By Mr. Watts): So you reduced your agreement there to writing, isn't that true? A. Well, this was not—this was just a part of the contract. This was not really the contract. It was just one of the things we did in fulfilling our contract.

"Mr. Watts: Now then, Your Honor, I object to any evidence being offered which tends to vary, modify, add to, or contradict this agreement of April 9, 1937, for the reason that parol testimony can not be offered in evidence to modify or alter, vary or contradict the terms of a written agreement.

"The Court: She said this is only part of the agreement."

Another question and answer appears as follows:

"Q. What did Mr. Sherman tell him now? A. He told him he would like to redeem, that he didn't know that he could, didn't know that he could raise the money to do it."

The following appears:

"Q. (By Mr. Coots): What did Mr. Ward say, if anything, concerning the reason why the Land Bank wanted this assignment?

. . . . . .

"A. He said it would avoid having a receiver appointed; it would save the expense and delay if Mr. Sherman would sign."

The witness relates what was said between herself and her husband during the conversation with Mr. Ward. Question and answer appears as follows:

"Q. Tell what Mr. Sherman said to you and what you said to him. A. Mr. Sherman asked if I thought it would be all right for him to sign that lease, make the assignment, and I said that it would—that I thought it would, if it paid the loan in full—if it was a full settlement."

The following question and answer appears:

"Q. (By Mr. Coots): Go ahead, tell what each of them said they would do there, that is what we are getting at. A. Mr. Sherman said he would assign that lease if it would pay the note in full, and Mr. Ward said that it would."

The plaintiff cites Missouri cases in support of its point one.

As to foreclosure and the respective rights of mortgagee and mortgagor after conditions broken or after foreclosure, the law of Missouri is very different from that of Colorado. In Missouri, the right of possession of the land and to growing unharvested crops terminates on happening of condition broken and, as declared in Windover v. Baker, 121 Mo. 273, surrender of premises after condition broken is no consideration for an agreement.

For plaintiff to amend its pleadings at the close of the case and invoke the Colorado Statute and deprive defendants of time and opportunity to investigate as to same before submission and now to come

into this court and cite in support of its case Colorado Statutes and Colorado decisions, is inconsistent with invoking the laws of Missouri, and we conclude same is unwarranted.

Under the evidence and the law, we conclude that in assignment of lease to plaintiff the defendant mortgagor surrendered such rights as enured to the benefit of plaintiff as constitute a valid consideration regardless as to whether or not redemption period had expired.

Further, when we consider that foreclosure of the trust deed had been had before the lease assignment was made and consider the fact that no occasion is plead, shown or attempted to be shown, indicating that any lawful grounds existed for the appointment of a receiver, the plaintiff has failed to sustain its allegation that all of defendant mortgagor's rights, including possession and crop rights, had ceased to exist on April 9, 1937.

For reasons given above, we conclude against plaintiff on its point one. Other grounds than stated above, we conclude, furnishes premises for our conclusion stated above.

We conclude that there are sufficient facts and circumstances shown in evidence to invoke the doctrine that the compromise of a doubtful claim asserted in good faith, furnishes a valuable consideration to support a promise. [9 Cyc. 338; Rinehart v. Bills, 82 Mo. 534; In re Mosbacher, 31 S. W. (2d) 225; Savage v. Evermann, 70 Pa. 315.]

In the text of 1 R. C. L., par. 14, page 184, the general rule is laid down as follows:

"The adequacy or inadequacy of the consideration for a contract of accord and satisfaction, strictly speaking, is a question entirely foreign to the law of accord and satisfaction. If such an agreement is supported by any new consideration, though insignificant or technical merely, it will be sustained, provided it is valuable. In other words, anything which may be deemed in the judgment of the law as a benefit to the creditor, or a detriment to the debtor, however slight, is deemed sufficient to support an accord and satisfaction. Indeed, as will be seen by the discussion which follows, many apparently fanciful benefits to a creditor or detriments to a debtor have been seized upon by the courts to support an accord and satisfaction, considerations which would undoubtedly be deemed insufficient to support an ordinary contract."

We conclude that the evidence herein is ample to bring the facts of this case well within the rule. Plaintiff's point three does not specify wherein any instructions go beyond the pleadings. It is Horn Book law that instructions must not go beyond the pleadings.

From a study of plaintiff's brief it is shown that its point three arises from its contention that the lease assignment agreement was fully reduced to writing and, therefore, parol testimony touching consideration was inadmissible and further that the assignment was

supported by no valid consideration. We have passed adversely to plaintiff's contention and rule against plaintiff on its point three.

Plaintiff's fourth point is based upon a specification of error as follows:

"The Court erred in refusing to discharge the jury on account of improper argument to the jury by defendants' counsel."

No reasons are given either under the specification on the point. However, pages are referred to in the printed argument.

While the specifications are not such as necessarily call for consideration, still we have examined the record showing of the oral argument and find nothing therein that would justify a reversal.

Judgment affirmed. *Cave, J.,* concurs; *Bland, J.,* concurs in separate opinion.

## ON MOTION FOR REHEARING.

SHAIN, P. J.—The appellant, plaintiff below, has filed motion for rehearing herein wherein it is alleged that a Colorado Statute, Section 5055, upon which this court based some of its conclusions, was repealed by the Colorado Legislature in 1929. We had the Colorado Statutes and also Compiled Laws Supplement 1932 when we wrote the opinion herein. In this, appellant is in error.

Section 5055, Statutes of 1921, was amended, Laws of 1923, page 668, so as to broaden its scope by including as a "Judgment Creditor" any person who had a claim filed and allowed against a deceased mortgagor. The section appears as amended in Compiled Laws Supplement of 1932.

There were two sections enacted by the legislature of Colorado in 1929, to-wit: Sections 5956 and 5956-2.

Under the Colorado law, the mortgagor has six months in which to redeem. The above sections extend the same right to any person who is liable for a deficiancy on the debt and to encumbrancers or lienors; in other words, to persons liable upon the debt or who have, as by second mortgage or an attached lien, interest in the foreclosed real estate that attached and where existing at the time of the foreclosure.

The subject matter of chapter 106 wherein Section 5055 is found and the subject matter of chapter 130, wherein appear Sections 5956-1 and 5956-2 are entirely different. Neither by implication nor by any expression of legislative intent can it be concluded that Section 5055 is repealed by such enactment. Further in our opinion we cite opinions construing Section 5055, that are as late as 1940.

It is urged in motion for rehearing that this court erred in not declaring error in the giving of defendants' instruction D-2. The appellant herein in its brief submitted its case for review under four specific points. The only point wherein any mention as to instruc-

tions appears is Point 3, as follows: "Instructions cannot go beyond the pleadings."

The appellant's assignments of error do allege error in D-2 and state some reasons, the last of which is, "Because it goes beyond the pleadings." Appellant's assignments of error were not followed by any citation and were not carried forward, and its case was submitted for review on its specific points.

In the argument under Point 3 there is a discussion as to the defendant's "main instruction." Instruction D-2 makes reference to a question of receivership, the avoidance of costs of which the appellant had urged was the consideration for execution of an assignment, sale and transfer of defendants' interest in a lease of the real estate in controversy. Further, appellant, contending that there was no nine months period of redemption of even a judgment creditor, further contended there was no consideration for said assignment. In other words, appellant was blowing hot and cold, to-wit, a consideration by avoiding costs of receivership, and no consideration because mortgagor had no interest to convey. While we failed to comment on instruction D-2 because we concluded the assignment was insufficient, still as appellant in its motion is basing its contention upon the assertion that the mortgagee had right to receivership we conclude that no good reason is shown wherein there is prejudicial error in the instruction.

The appellant throughout is inconsistent; inconsistent in urging its points on assertion of repeal of Section 5055, *supra*; inconsistent in asserting right to receivership without having plead any grounds and in face of the fact that the Colorado law is clearly to the effect that such right in receivership does not exist after foreclosure; most inconsistent in asserting in one breath that a receivership was within its right and in the next breath asserting that the mortgagor had no right to sell and convey. The asserting of a right for receivership is an admission that there is no trespass and that there are claims of interest to be litigated. Such admission justifies application of the rule expressed in R. C. L. as set forth in our opinion.

The mortgagor sufficiently plead payment, compromise and settlement of the debt sued for, based upon the agreement of April 9, 1937.

Appellant makes point that it was entitled to submit an instruction on an item of consideration. No showing is made as to whether or not any such instruction was ever offered.

We find nothing in appellant's motion that we conclude would justify a rehearing.

Motion for rehearing overruled. All concur.

### SEPARATE CONCURRING OPINION.

BLAND, J.—Under the provisions of Section 952, Revised Statutes 1939, the allegation of the reply, setting forth a lack of consideration for the compromise agreement, will be deemed to have been contro-

verted at the trial by the defendants "as upon direct denial or avoidance." [See, also Pickel, et al. v. St. Louis Chamber of Commerce Ass'n., 10 Mo. App. 191, 193; Babcock v. United Rys. Co. of St. Louis, 158 Mo. App. 275.]

Under the provisions of Section 958 Revised Statutes 1939, we take judicial notice of all of the Colorado statutes pleaded (or deemed pleaded under Section 952), and decisions of the courts of that state construing them.

Therefore, I feel that defendants are entitled to the benefit of all statutes of the State of Colorado bearing on the issue raised in the reply.