URSULA S. GILMAN *vs.* DWELLING-HOUSE INSURANCE CO.

Waldo.    Opinion April 23, 1889.

*Insurance.    Insurable Interest.    Equitable ownership.    Description.    Increase of risk.    R. S., c. 49, § 20.*

An equitable title or interest is sufficient to give validity to the contract of insurance.

An equitable interest, held under an executory contract for conveyance, is a valid subject of insurance.

Where the assured though in possession, had only a contract for a purchase of the property, subject to a condition which had not been complied with, but of which the vendor had taken no advantage at the time of effecting the insurance, or at the time of the loss, *Held*, that this was sufficient to constitute an "insurable interest" in the assured.

Where there is an "insurable interest," in the absence of any specific inquiry by the insurer, or express stipulation in the policy, no particular description of the nature of the insurable interest is necessary.

ON REPORT.

Assumpsit on a policy of fire insurance.    The law court were to determine all questions of law and fact, and render judgment accordingly.    Plea, general issue, and brief statement as follows: 1.    That the plaintiff at the time the policy of insurance declared on was issued, and at the time the buildings insured were destroyed by fire, was not the owner of said buildings and had not an insurable interest therein.    2.    That the statement of title to said buildings at the time of procuring said policy of insurance was erroneous, and that the difference between the property, as described and as it really existed, materially increased the risk. 3.    That the plaintiff, at the time of procuring said insurance, did not disclose to the defendant corporation the true state of the title to said buildings.

The insured premises were a house, ell, barn, household furniture, and some hay in the barn. The facts relating to the plaintiff's ownership of the buildings, found by the court to be an equitable title, are stated in the opinion.

The ownership is thus stated in the proof of loss. "The property belonged to me, and no other person or party had any interest therein except as follows: I am indebted to the heirs of Caroline W. Abbott, who have a conveyance to said Caroline W. Abbott of the farm, on which said house, ell and barn stood, to secure the payment of said indebtedness."

*G. E. Johnson*, for plaintiff.

Mrs. Abbott held the premises only as security. *Ricker* v. *Moore*, 77 Maine, 292.

Plaintiff as equitable owner had an insurable interest. Wood Fire Ins. § 265. Persons may have an insurable interest in property without any title to the same. Wood Fire Ins. §§ 279, 281; *Ins. Co.* v. *Barracliff*, 16 Vroom, 543, (46 Am. Rep. 792) and cases cited.

Plaintiff has suffered loss. Value of farm diminished, by destruction of buildings, to extent of their value, while her liability to pay remains the same as before the fire.

Counsel also cited: *Ins. Co.* v. *Dunham*, 10 Cen. Rep., p. 575 (Pa.); *Elliot* v. *Ins. Co.*, Id. p. 581; *Ins. Co.* v. *Lawrence*, 2 Pet. 25, (cases of equitable title); Wood Fire Ins. §§ 266, 270, 272, 275; *Reed* v. *Ins. Co.*, 74 Maine, 537; *R. R. Co.* v. *Ins. Co.*, 98 Mass. 420, 423; *Williams* v. *Ins. Co.*, 107 Id. 377; *Redfield* v. *Ins. Co.*, 56 N. Y. 354.

Case does not show erroneous statement of title. If false, should have been proved. Agents of company to whom statements were made live at place of trial and were not called. Court will not presume false statements without evidence, but the contrary, and that insurers made all necessary inquiries in regard to title and received proper and truthful answers. *Jones Manf'g Co.* v. *Ins. Co.*, 8 Cush. 82; Wood Fire Ins. § 238; R. S., c. 49, § 20. Question of forfeiture of title not open to defendants.

*W. H. Fogler*, for defendants.

Plaintiff not owner of the buildings. Only proof is the agree-

ment, not under seal, or conditions not performed.   No evidence of waiver by Mrs. Abbott or her representatives.

She did not have an insurable interest.   An insurable interest is *sui generis*, and peculiar in its texture and operation.   *Hancock* v. *Ins. Co.*, 3 Sum. 132.   It must be one, vested or contingent, present or prospective, which can be ascertained and identified, and enforceable at law or in equity (1 Wood Fire Ins. § 283, p. 652); that the peril may have a direct effect upon, instead of a remote, circuitous, consequential effect, (1 Phil. Ins. § 175); which would be recognized by a court of law or equity (per Miller, J.,) in *Warren* v. *Ins. Co.*, 31 Iowa, 464; a right in the thing insured.   *Cumb. Bone Co.* v. *Ins. Co.*, 64 Maine, 466, 471.

There had been a breach of condition in the agreement to convey, at date of policy and the loss.   Plaintiff was only occupant by owner's permission; tenant at sufferance.   She had no legal or equitable rights under her broken contract,—hence no insurable interest.   1 Phil. Ins. §§ 180, 183 ; *Brown* v. *Williams*, 28 Maine, 252; *Sawyer* v. *Mayhew*, 51 Id. 398; *Ins. Co.* v. *Lawrence*, 2 Pet. 25 ; *Birmingham* v. *Ins. Co.*, 42 Barb. 457.

In the agreement Mrs. Abbott reserved the insurable interest to herself by stipulating that the plaintiff should keep the buildings "insured during said term in the sum of $500, in the name of, or payable to me, the said Caroline W. Abbott."   If Mrs. Abbott retained an insurable interest to the amount of $500, the plaintiff could not have such an interest to the same extent.

Insurable interest in buildings can not exceed the extent of her actual cash interest, $275.03.   1 Wood Fire Ins. § 275.   Notes not taken as payment of the property, as it was not to pass until payment.   See cases of similar character: 1 Phil. Ins. §§ 289, 292, 309 ; 1 Wood Fire Ins. §§ 295, 305, 313, (mortgagee, creditor, factor or consignee).

Policy void for misrepresentation of title.   She received and retained policy obtained through her agent, thereby ratifying his acts, which insured the property as hers.   She reiterates this in her proof of loss.   Matters of title material.   *Abbott* v. *Ins. Co.*, 30 Maine, 414, 418 ; *Ins. Co.* v. *Lawrence*, 2 Pet. 25, 49.   Facts relating to property and title, unusual or extraordinary, should be disclosed.   1 Wood Fire Ins. § 176.

Policy provides "that upon the alienation of any estate hereby insured, this policy thereupon shall be void." If void by subsequent alienation, much more would it be void where the title was in a party other than the assured, of which fact the insurer had no notice.

The failure to disclose the true title to the buildings, even though without fraud, was material and increased the risk. The fact that the plaintiff could acquire a title only by payment of $700,—a sum equal to the whole amount of insurance effected, was material in determining the interest which the assured might have in guarding the premises against fire. Whether it is for the pecuniary interest of the assured, that the property should be preserved or be destroyed, must always be a material element in a contract of insurance. *Richardson* v. *Ins. Co.*, 46 Maine, 394; *Gould* v. *Ins. Co.*, 47 Maine, 403; *Day* v. *Ins. Co.*, 51 Maine, 91; *Davenport* v. *Ins. Co.*, 6 Cush. 340; *Marshall* v. *Ins. Co.*, 7 Foster, 157.

If the policy is void as to the buildings it is void *in toto*, as the contract is an entirety. 1 Wood Fire Ins. § 165; *Lovejoy* v. *Ins. Co.*, 45 Maine, 472; *Barnes* v. *Ins. Co.*, 51 Maine, 110; *Brown* v. *Ins. Co.*, 11 Cush. 280; *Friesmuth* v. *Ins. Co.*, 10 Cush. 587; *Ins. Co.* v. *Resh*, 44 Mich. 55, cited and quoted in 1 Wood Fire Ins. § 165.

FOSTER, J. The parties to this policy of insurance have, by the terms of their contract, avoided some of the questions arising in other cases. Oftentimes the numerous conditions annexed to the contract, upon the breach of any one of which the parties agreeing that the policy shall be void, have given rise to embarrassments and discussions in different courts, and led, in some instances, to an apparent conflict of opinion if not of decision.

The present case is free from all embarrassments arising out of any conditions ingrafted upon the policy, and but two questions are presented for our consideration: *First*, had the plaintiff an insurable interest in the property destroyed? *Second*, was that interest sufficiently described?

I. That the plaintiff had not the legal title to the premises or buildings destroyed, is conceded.

She held an agreement in writing from the one having the legal title, and upon the performance of certain conditions to be by her performed, as therein specified, the title was to be conveyed to her. The party executing this agreement had agreed to convey by quitclaim deed, on or before six years from its date, the premises in question, provided the plaintiff first pay the sum of seven hundred and twenty dollars and three cents in certain specified amounts, and at certain specified times agreeably to seven promissory notes.

At the time this contract of insurance was entered into, all the notes had matured, the last one being nearly a year overdue. Two of the notes had been paid, and the other five, with interest thereon from Feb. 25, 1879, remained unpaid, except $55, paid Jan. 30, 1884, being the last payment upon the notes, and more than three years prior to the loss by fire.

Notwithstanding the whole amount unpaid upon the remaining notes was overdue, at the time the contract of insurance was effected, the vendor had taken no steps in relation to the contract or the premises mentioned; nor had any action been taken looking towards the enforcement of the payment of the notes.

The contract was therefore executory and still subsisting between the parties to it.

If it were necessary, in order for the plaintiff to recover, that she should prove the existence of a legal title to the premises, her case would present a different question from that now under consideration. The law does not require this. An equitable title or interest in the plaintiff is all that is necessary to give validity to the contract of insurance. *Strong* v. *Manufacturers Ins. Co.*, 10 Pick. 40, 43.

An equitable interest held under an executory contract is a valid subject of insurance. *Columbian Insurance Co.* v. *Lawrence*, 2 Peters, 25 ; *Cumberland Bone Co.* v. *Andes Ins. Co.*, 64 Maine, 466, 470 ; *Imperial Ins. Co.* v. *Dunham*, 12 Atlantic Rep. (Pa.) 668.

In *Ricker* v. *Moore*, 77 Maine, 292, numerous authorities are there cited sustaining the doctrine laid down in that case, that where one executes and delivers to another an agreement to convey

land to him for a fixed price payable at a certain time, he thereby transmits an equitable estate; and the equitable vendor thereupon becomes the trustee of the estate for the equitable vendee, retaining the legal title as security for the purchase money. Professor Pomeroy in his work on equity, § 368, says that the vendee under an executory contract at once becomes the equitable owner of the land, and the vendor equitable owner of the purchase money, upon the execution and delivery of the contract, even before any portion of the price is paid. It is true, he says, that the vendee's equitable estate is incumbered or charged with a lien as security for the unpaid price, and he may by the enforcement of this lien upon his final default in making payment, lose his whole estate in the same manner as a mortgagor may lose his interest.

So in *Siter's Appeal*, 26 Pa. St. 180, the court say: "It does not seem to be necessary to produce this effect that any part of the purchase money should be paid; it results from the contract. When a part of the purchase money is paid, the interest of the purchaser in the land is not circumscribed by the extent of the money paid, but embraces the entire value of the land over and above the purchase money due. He is treated as the owner of the whole estate, incumbered only by the purchase money. If the land increases in value it is his gain; if it decreases, if improvements are destroyed, by fire or otherwise, it is his loss."

And in *Reed* v. *Lukens*, 44 Pa. St. 200, the doctrine there stated is to the same effect,—that after a contract for the sale of real estate, the purchaser is the equitable owner thereof, and being responsible for the purchase money is liable to the whole loss that may befall it, including the loss of the buildings by fire.

The leading case upon this point in this country is *Columbian Ins. Co.* v. *Lawrence*, 2 Peters, 25. The assured in that case, though in possession, had only a contract for a purchase of the property, subject to a condition which had not been complied with, but of which the vendor had taken no advantage at the time of effecting the insurance, or at the time of the loss. Chief Justice Marshall, delivering the opinion of the court, says: "That an equitable interest may be insured is admitted. We can perceive no reason which excludes an interest held under an executory

contract. While it subsists, the person claiming under it has undoubtedly a substantial interest in the property. If it be destroyed, the loss in contemplation of law is his. If the purchase money be paid, it is his in fact. If he owes the purchase money, the property is its equivalent, and is still valuable to him. The embarrassment of his affairs may be such that his debts may absorb all his property; but this circumstance has never been considered as proving a want of interest in it. The destruction of the property is a real loss to the person in possession, who claims title under an existing contract, and the contingency that his title may be defeated by subsequent events does not prevent this loss." This is the well settled principle prevailing generally in this country. *McGivney* v. *Phœnix Ins. Co.*, 1 Wend. 86; *Ætna Fire Ins. Co.*, v. *Tyler*, 16 Wend. 385, 396; *Birmingham* v. *Empire Ins. Co.*, 42 Barb. 457; *Cumberland Bone Co.* v. *Andes Ins. Co.*, *supra;* *Insurance Co.* v. *Chase*, 5 Wall. 509, 513; *Goodall* v. *N. E. Fire Ins. Co.*, 25 N. H. 186.

It may be stated as a general proposition, sustained by all the authorities, that whenever a person will suffer a loss by a destruc. tion of the property, he has an insurable interest therein.

In this case the plaintiff's notes given as the consideration of the purchase were still held by the equitable vendor. The plaintiff remains liable upon them, and the vendor may yet see fit to enforce their payment. Their payment is not conditioned on some prior act of the vendor. The plaintiff's promise to pay is absolute. On the other hand, the vendor's promise to convey is conditional. It is at the election of the vendor to say whether the agreement to convey may be enforced by exacting payment of the notes, although overdue, or whether it may be considered at an end,—as in *Manning* v. *Brown*, 10 Maine, 49, 51; *Little* v. *Thurston*, 58 Maine, 86, 88, and the cases there cited; *Ockington* v. *Law*, 66 Maine, 551.

Being in possession under a subsisting contract, with the liability to pay the notes, at the time not only when the insurance was effected but also at the time of the loss, we have no doubt the plaintiff had such an interest as was insurable, and as was said in *Columbian Ins. Co.* v. *Lawrence*, *supra*, "the contingency

that" her "title may be defeated by subsequent events does not prevent this loss."

II. We are also of the opinion that the interest of the assured was sufficiently described in the policy.

Insurance for a specific sum was placed "on her one and one-half story frame dwelling house and ell occupied by the assured as a private dwelling" * * * * and another sum "on frame barn adjoining."

There is no evidence showing any inquiry, either verbal or in writing, by the defendant, and no provision or condition in the policy calling for a statement of the nature of the plaintiff's interest. Having an insurable interest, it is well settled by numerous authorities that in the absence of any specific inquiry by the insurers, or express stipulation in the policy, no particular description of the nature of the insurable interest is necessary. *Williams* v. *Roger Williams Ins. Co.*, 107 Mass. 379; *Fowle* v. *Springfield Ins. Co.*, 122 Mass. 191, 194; *King* v. *State Ins. Co.*, 7 Cush. 1, 7; *Strong* v. *Manf. Ins. Co.*, 10 Pick. 40; *Washington Mills Manf. Co.* v. *Weymouth Ins. Co.*, 135 Mass. 503, 505; *Springfield Ins. Co.* v. *Brown*, 43 N. Y. 396; *Buck* v. *Phœnix Ins. Co.*, 76 Maine, 586, 588; *Walsh* v. *Phila. Fire Association*, 127 Mass. 383, 385; *Tyler* v. *Ætna Ins. Co.*, 12 Wend. 507.

In the case of *Fowle* v. *Springfield Ins. Co.*, *supra*, the court held that "the words 'his' or 'their,' used in a policy, as descriptive of the property of the assured, do not render the policy void, if the insured has an insurable interest, although the interest may be a qualified or defeasible, or even an equitable interest;" and the authorities are there cited supporting this doctrine. And if the authorities are examined, it will be found, that this is true notwithstanding the policy provides in express terms that the interest of the assured in the property to be insured shall be truly stated in the policy, and if not, the policy to be void. *Fowle* v. *Springfield Ins. Co.*, *supra*; *Williams* v. *Roger Williams Ins. Co.*, *supra*.

The defendants issued their policy without any specific inquiries of the plaintiff in reference to her interest in or title to the property. The policy contained no provision requiring the interest of the assured, if other than the entire, unconditional or legal

ownership, to be so expressed; no requirement that the interest of the assured should be particularly or accurately described either in the policy or proofs of loss. No misrepresentation or concealment is proved. Moreover, the statute provides that erroneous descriptions or statements of value or title by the insured, do not prevent a recovery upon the policy unless the difference, between the property as described and as it really existed, contributed to the loss or materially increased the risk. R. S., c. 49, § 20. No evidence is introduced showing the statements,—or if made that they contributed to the loss or materially increased the risk. It is not a question of law, but one of fact to be proved, even where there is evidence of misrepresentation. *Sweat* v. *Piscataquis Mutual Ins. Co.*, 79 Maine, 109, 110; *Bellaty* v. *Thomaston M. F. Ins. Co.*, 61 Maine, 414.

Upon the facts in the case, the plaintiff is entitled to recover the whole amount of damage to the property, not exceeding the sum insured. *Strong* v. *Manf. Ins. Co.*, 10 Pick. 40, 44; *Buck* v. *Phœnix Ins. Co.*, 76 Maine, 586, 589.

No contention is raised as to her recovery for the personal property of which she held title, in case she is entitled to recover upon the other property. Although the hay was insured for $100, the evidence shows a loss of only $50 thereon.

> *Judgment for the plaintiff for $635,*
> *with interest from the date of the*
> *writ, Nov. 5, 1887.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.