EMMA KELLEY, Defendant in Error, *vs.* THE PEOPLE'S NATIONAL FIRE INSURANCE COMPANY, Plaintiff in Error.

*Opinion filed February 21, 1914.*

1. INSURANCE—*when provision of fire policy against procuring other insurance is not violated.* A condition in a fire insurance policy providing that it shall be void if the insured shall procure any other insurance is not violated by the unauthorized act of a mortgagee of the property in taking out another policy, which he agreed to cancel when notified by the mortgagor that she had already taken out a policy covering the mortgagee's interest.

2. SAME—*when provision limiting amount of liability does not apply.* A provision of a fire insurance policy limiting the company's liability to a proportionate share of the whole insurance on the property has no application where the only other policy of insurance was taken out by a mortgagee of the property without the authority or consent of the mortgagor, who, upon learning that the mortgagee had taken out the policy, notified him that she had already taken out a policy and obtained his promise to cancel the one he had procured.

3. SAME—*when provision that foreclosure will render fire policy void is waived.* A provision in a fire insurance policy that it shall become void if the insured permits a foreclosure proceeding to be commenced is waived where the insurer has notice that the proceeding has been commenced but does not cancel the policy.

4. SAME—*mere recovery of a judgment against insured does not effect a change of title or interest.* A change of interest or title to insured premises is not effected by the mere fact that judgments have been recovered against the insured after the policy was taken out and before the fire, as no interest is acquired until there has been a sale under an execution and no change of title occurs until there has been a failure to redeem and a conveyance.

5. SAME—*when assessor's schedule is not admissible on question of value of household goods.* An assessor's schedule giving a

valuation of household goods is not admissible against the insured upon the question of value in an action on a fire insurance policy covering such goods, where the schedule was made by the assessor and not by the insured or her agent.

WRIT OF ERROR to the Appellate Court for the Third District—heard in that court on appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

FREDERICK A. BROWN, and WILLIAM R. T. EWEN, JR., (RAYMOND S. PRUITT, of counsel,) for plaintiff in error.

LESLIE J. OWEN, and FITZHENRY & MARTIN, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The People's National Fire Insurance Company issued its policy of insurance to Emma Kelley, insuring against loss or damage by fire to the amount of $2000 on her house and $1000 upon the household furnishings of the same. The house was burned and the personal property burned or damaged, and suit was brought in the circuit court of Mc-Lean county upon the policy for the use of her trustee in bankruptcy. Judgment was rendered on the verdict of a jury against the insurance company for $2300, and the Appellate Court having affirmed the judgment, we granted a writ of *certiorari* to bring the record to this court.

The policy contained provisions that it should be void (1) if the insured should make or procure any other contract of insurance; (2) if with the knowledge of the insured foreclosure proceedings should be commenced; (3) if the interest of the insured was other than unconditional and sole ownership; (4) if any change should take place in the interest, title or possession of the subject of insurance, whether by legal process or judgment or by voluntary

act of the insured or otherwise, and there were pleas alleging facts which would render the policy void under these provisions. There was also a condition that the insurance company should not be liable for a greater proportion of any loss than the amount of this policy should bear to the whole insurance on the property, and it was alleged that the plaintiff had procured other insurance.

When Emma Kelley insured the property she informed the agent that it was encumbered by two mortgages made to the same party, amounting to $600, and his report to the insurance company showed that fact. The mortgages required her to insure the property for the benefit of the mortgagee to the extent of his interest, and upon her failure to do so he was authorized to procure insurance. The policy was left with the insurance agent and she never saw it but understood that she had complied with her agreement. She did not procure any other insurance, but the mortgagee obtained a policy without her knowledge or consent. When she learned of it she sent notice to the mortgagee informing him of the insurance previously placed by her, and he promised to cancel the policy he had procured but did not do so. After the fire the adjuster of the other corporation said that his company was willing to pay but she had refused to recognize that policy and never authorized it. The mortgage authorized the mortgagee to procure insurance only in the event that she failed to do so, and as she understood it she had already complied with her agreement. The condition was not violated by the unauthorized act of the mortgagee, and as he had agreed to cancel the policy procured by him she ought not to forfeit her insurance. That being so, the provision limiting the liability of the insurance company to her to a proportionate share of the loss was not applicable to the facts.

A suit to foreclose the mortgages was begun before the fire, and the evidence for the plaintiff was that Emma Kelley gave notice of the suit to the insurance agent. He de-

nied that he had such notice from her although there was other evidence that he knew of the fact, but the judgment of the Appellate Court settles the controverted question in favor of the plaintiff. Where there is a stipulation that a policy shall become void upon the happening of some subsequent event and the insurer has notice that the event has occurred but does not cancel the policy, the provision is waived and the policy remains in force. That rule was applied in *North British and Mercantile Ins. Co.* v. *Steiger,* 124 Ill. 81, where the policy provided that it should become void if certain subsequent conditions therein mentioned should exist, and it was held that if the insurance company, with knowledge on the part of its agent of the existence of such a condition, did not cancel the policy it did not become void. There was an instruction which stated that rule, based on the hypothesis that the insurance agent had notice of the foreclosure suit and that there was a failure to cancel the policy, and the instruction was correct.

Emma Kelley was the sole and absolute owner of the premises when the policy was issued and there was no misrepresentation as to the title, but several judgments were recovered against her prior to the fire, and it is contended that the judgment creditors thereby acquired an interest in her property which rendered the policy void. An interest or title to property means a legal interest, and no person has an interest in the property of another simply because he has a judgment under which he may acquire a title if the judgment is not paid or the property redeemed from a sale under it. The recovery of a judgment does not effect a change in an interest in or title to property, but an interest is acquired only when there has been a sale under an execution, and the title is changed only when there has been a failure to redeem and a conveyance.

Complaint is made that the court refused to admit in evidence an assessor's schedule giving a valuation of the

262 — 11                                          o

household goods for the year 1911, and it is argued that the schedule was admissible on the question of value. Emma Kelley did not make any return of her property for assessment that year, and the schedule was not made by her or her husband and appears to have been made by the assessor. There is a conflict of authority whether a return for taxation made by the owner is admissible in evidence as tending to show the value of property, (*Sanitary District* v. *Pittsburg, Ft. Wayne and Chicago Railway Co.* 216 Ill. 575,) and this court has not had occasion to settle that question, but there is no doubt that a return is not admissible against an owner when not made by him or his agent. The court did not err in that ruling.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*