(No. 12655.—Judgment affirmed.)

THE ILLINOIS INDEMNITY EXCHANGE, Plaintiff in Error,
vs. THE INDUSTRIAL COMMISSION et al.—(KNUT HAN-
NIBAL, Defendant in Error.)

*Opinion filed October 27, 1919.*

1. WORKMEN'S COMPENSATION—*when the Industrial Commission
may make award against insurance company.* Where an employer
has insured his liability for injuries to his employees and on elect-
ing to operate under the Workmen's Compensation act has a rider
attached to his policy to make it "cover such legal liability of the
assured as is imposed by the aforesaid law," the Industrial Com-
mission, under section 28 of the act, may make an award against
the insurance company as being primarily liable, provided the em-
ployer is insolvent and the claim is proper, regardless of a provi-
sion in the original policy that no action shall be brought against
the company except for reimbursement of an amount actually paid
by the employer.

2. SAME—*Compensation act should be liberally construed.* The
Workmen's Compensation act should be liberally construed in order
to accomplish its purpose of making a speedy disposition of the
claims of injured employees.

3. SAME—*section 23 of Compensation act prevents release to in-
surance company which is primarily liable.* Where the employer is
insolvent and his insurer is primarily liable under section 28 of the
Workmen's Compensation act, a release by the employee of his claim
against the insurance company is void, under section 23 of the act,
when made without the approval of the Industrial Commission.

4. INSURANCE—*dissolution of partnership does not necessarily
render policy void—waiver.* Where an employer, as a member of
a firm, insures his liability for injuries to his employees, a disso-
lution of the partnership does not necessarily render the policy
void, and where the insured continues in the business alone, any
statement by the insurance company recognizing the policy as valid
will be treated as a waiver of any defense on account of the dis-
solution of the partnership.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

WILLIAM MCKINLEY, and L. F. BINKLEY, for plaintiff
in error.

BOWE & BOWE, and JOHN E. ERICKSON, (AUGUSTINE J. BOWE, of counsel,) for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding before the Industrial Commission for recovery under the Workmen's Compensation act. Knut Hannibal, the applicant, was injured December 16, 1913, while in the employ of Harry Edlund, who was doing business in repairing and manufacturing wagons in Chicago under the name of the North Side Carriage and Wagon Company. While he was planing a board Hannibal's right hand was torn in such a way as to cause the loss of the thumb and index finger. The cause was referred to an arbitrator, who dismissed the proceedings on the ground that the Industrial Commission was without jurisdiction as to plaintiff in error. The Industrial Commission reversed the decision of the arbitrator and entered an award against the plaintiff in error for $1010. The circuit court of Cook county reversed the decision of the Industrial Commission and remanded the cause, on the ground that there was no evidence in the record justifying the award. The Industrial Commission on a second hearing again entered an award for $1010, and on a hearing in the circuit court on writ of *certiorari* the finding of the Industrial Commission was confirmed, the circuit judge certifying that in his opinion the cause was one proper to be reviewed in this court, and it has been brought here by writ of error.

We find very little dispute in the record as to the main facts concerning the cause and extent of the accident. It is conceded that the employer and employee were operating under the Workmen's Compensation act. The only controversy in the record is as to whether the Industrial Commission had jurisdiction to fix any liability as to plaintiff in error, the insurance company. Edlund was formerly in partnership with Harry Dennison. While so associated they

were insured October 15, 1913, by plaintiff in error. This contract of insurance indemnified Edlund and Dennison up to an amount not exceeding $10,000 in respect of any one accident, provided that in no event should the company be liable to exceed $5000 for damages or injuries to any one person, and providing further that no action for indemnity under said insurance contract "shall be against the exchange except for reimbursement of the amount of loss actually sustained and paid in money by the assured in full satisfaction of a judgment duly recovered against the assured after final determination of the litigation." Attached to this contract of insurance was a rider dated October 15, 1913, reading as follows: "The assured under this contract having elected to operate under the so-called Workmen's Compensation act, [of 1913,] * * * in consideration for the premium for which this contract is issued, this contract is hereby intended to cover such legal liability of the assured as is imposed by the aforesaid law, including any amendments thereto made after this date. This indorsement is subject to all conditions, agreements and limitations of the contract as stated herein." Dennison withdrew from the partnership about the first week in November, 1913, Edlund having bought out his interest. On December 31, 1913, plaintiff in error paid Edlund $250 on account of the injury to Hannibal, and Edlund gave plaintiff in error a release stating, among other things, that it was "in full payment and satisfaction of indemnity of every name, nature and description whatsoever which has accrued in my favor against the said Illinois Indemnity Exchange, and more especially on account of a certain contract dated on the 15th day of October, 1913, whereby the Illinois Indemnity Exchange agreed to indemnify me against accidents, not to exceed $5000 for any one accident. It is understood by and between the parties that this release is given to cover only the case of Knut Hannibal, injured on December 16, 1913, and that I hereby covenant and agree to hold

the said Illinois Indemnity Exchange harmless and to re-
imburse them in full for any money that they may be com-
pelled hereafter to pay by reason of the said injury to Knut
Hannibal on December 16." Edlund cashed the check for
the $250 so received and gave the proceeds to Hannibal, the
money apparently being used to apply on the hospital ex-
penses. Hannibal at the time he received this payment of
$250 signed a general release to the North Side Carriage
and Wagon Company for the accident in question.

Section 28 of the Workmen's Compensation act pro-
vides: "Any person, who shall become entitled to compen-
sation under the provisions of this act, shall, in the event
of his inability to recover such compensation from the em-
ployer on account of his insolvency, be subrogated to all
the rights of such employer against any insurance com-
pany, association or insurer which may have insured such
employer against loss growing out of the compensation re-
quired by the provisions of this act to be paid by such em-
ployer, and, in such event only, the said insurance company,
association or insurer shall become primarily liable to pay
to the employee or his personal representative the compen-
sation required by the provisions of this act to be paid by
such employer." The act also makes provision for the em-
ployer insuring payments to employees in accordance with
the act, section 26 of the act providing in some detail as
to the method of insurance, apparently with the object of
securing the payments to the employee in such manner and
at such times as the compensation is provided for by the act.

It is argued by counsel for plaintiff in error that the
Industrial Commission can only determine questions aris-
ing between employer and employee or their personal rep-
resentatives; that in construing grants of power to inferior
courts or bodies of limited jurisdiction nothing is held to
be granted by implication which is not necessary to the
full exercise of the powers expressly granted. (*School In-
spectors* v. *People,* 20 Ill. 526; *County of Hardin* v. *Mc-*

*Farlan,* 82 id. 138; 12 Ency. of Pl. & Pr. 155.) They argue that as section 28 contains no provision as to procedure when a claim is subrogated, therefore the procedure would apply that would ordinarily be followed where one party is subrogated to the rights of another, and that a judgment would first have to be procured by the injured workman and an independent proceeding then had in court against plaintiff in error before the claim would be enforceable; that the rights of the employer against an insurance company are those of insurance and not of compensation, and the rights of the injured workman as to the employer are those of compensation and not of insurance.

In the latter part of section 28 it is provided that "said insurance company, association or insurer shall become primarily liable to pay to the employee or his personal representative the compensation required by the provisions of this act to be paid by such employer." While the question is not entirely free from doubt, it would appear to be a fair construction of section 28 that the legislature intended, under certain conditions, to charge the liability directly to the insurer, and it is not an unreasonable construction to hold it also intended to include the method of collection in compensation cases within the meaning of the words "primarily liable to pay * * * by the provisions of this act." It must be assumed that plaintiff in error was familiar with these provisions of the law and provided for just such a primary liability as this when it executed the rider attached to the insurance contract. If, as seems to be argued by counsel for plaintiff in error, the provisions of section 28 were only intended to give to the applicant the common law or equitable right of subrogation, by which such employee would have no greater right than the employer and could not compel payment by the insurance company until the employer himself had made payments to the employee, then the right of the employee to compensation or to recover from the insurance company would be practically lost.

Such a construction would seem to make the provisions of section 28 as to the insurance company being primarily liable, meaningless. The court should construe this act reasonably, so that each part of it will be given effect, and the only way that it can be given effect is to construe it to mean that in case of the employer's insolvency the insurance company can be substituted and required to make the payments to the employee provided for by the act and to pay him as required by the act,—that is, in installments from week to week, when the employee is entitled to payments in that manner under the act. The insurance company in the rider attached to the policy assumed this responsibility and became liable in the same manner as the employer was liable under the act, and the act, therefore, in our judgment, became a part of the insurance company's contract liability, and all provisions of the original policy which conflicted with said agreement in the rider or with said Compensation act were practically set aside by said rider. By the provisions of sections 26 and 28 of the Workmen's Compensation act the legislature intended that in case of the employer's insolvency the insurance company should step into the shoes of the employer and make the payments as the employer would have made them under the act, and in case of such insolvency the insurance company should become "primarily liable" in the same manner that the employer would have been liable if solvent. It was not the intention of the act that in case of the employer's insolvency the insurance company's liability should be lessened or modified. Section 15 of the act provides that the Industrial Commission shall have jurisdiction over the operation and administration of the act. Section 31 of the act provides for recovery against the contractor, who is not the employer, who fails to require his sub-contractor, who is the employer, to insure his liability to pay the compensation provided in this act. This court has held that under this section the Industrial Commission had jurisdiction to make an award against the

contractor when the sub-contractor employer failed to furnish the insurance. (*Parker-Washington Co.* v. *Industrial Board,* 274 Ill. 498.) The legislature intended by this act to make provision for a speedy disposition and settlement of the claim of the injured employee. To accomplish that purpose the act should receive a liberal construction. The reasoning of this court in construing the provisions of section 29 of the act as to subrogation, in *Gones* v. *Fisher,* 286 Ill. 606, and cases there cited, strongly supports the giving of such liberal construction to the act in order to accomplish the legislative intention.

Counsel for plaintiff in error rely upon the rulings of the court in *Disourdi* v. *Maryland Casualty Co.* 14 British Columbia, 256, as tending to support their argument that this statute should not be so construed as to give the Industrial Commission jurisdiction over said company in this proceeding. The British Columbia act referred to in that case is worded so very differently from the act here under consideration that the opinion cannot be of great weight on the question of the jurisdiction of the Industrial Commission here. A case more nearly like the one here is that of *Craig* v. *Royal Ins. Co.* 8 B. W. C. C. 339, where the employer, who was insured, became bankrupt after he had made certain payments to the injured employee, and the workman made a claim before the proper tribunal for settlement of such claim against the trustee in bankruptcy, and on an attempt to settle certain disputed questions between the employer and the insurance company the court held that under the provisions of the British act a right was given to the workman to directly enforce the policy. The wording of the British act is perhaps more like the wording of section 31, which was construed in the *Parker-Washington case, supra,* than the language in section 28, but the intention, we think, is the same in all these provisions;—that is, to make the insurer or contractor, as the case may be, primarily liable under the provisions of the act. See Work-

men's Compensation acts,—Corpus Juris Treatise,—130, and authorities there cited.

Counsel for plaintiff in error further argue that by the release heretofore referred to, the insurance company is absolved from further liability, and that section 23 of the Workmen's Compensation act, which provides that an employee does not have the right to grant a release of a claim after an application has been made to the Industrial Commission for compensation, does not apply, because said section refers only to questions between employer and employee. What we have said on the question of jurisdiction applies here with the same force. If it was the intention of the legislature to bring the insurer under this act and make it or him primarily liable, under the circumstances shown here, in view of the fact that the company by the agreement in the rider attached to the policy accepted all of the provisions of the act, it would certainly be anomalous and unreasonable to hold that the protection of an employee should be guaranteed by the act as against an insurer the same as against an employer, but that the insurer could be released, regardless of section 23 of the act, while the employer could not be so released. The statute places the insurer in the place of the employer in certain respects, as we have held, and in our judgment it also places the insurer in the employer's place as to the release of the claim, and therefore this release does not control in this action.

It is also argued in this connection that the insurance contract between plaintiff in error and Edlund provides, among other things, that "no action for the indemnity provided by this contract shall be against the exchange, except for reimbursement of the amount of loss actually sustained and paid in money by the assured in full satisfaction," etc. Here, again, we think plaintiff in error is precluded by the agreement entered into by the rider attached to the insurance contract from raising this objection. By its agreement when it assumed the obligations provided for in the Work-

.men's Compensation act it waived, in effect, this provision of its original contract. To permit the provision of the insurance contract to prevail over the provision of the statute would be to defeat the plain purpose of the act in a case of this kind. Plaintiff in error could not accept the premium charged for insurance against industrial accidents and yet make its own contract as to its liability and method of payment. The Industrial Commission had jurisdiction, under the rider contract, to enforce the payment of this claim against the insurance company if it·was a proper claim, regardless of the provisions of the original insurance policy.

Plaintiff in error also argues that the dissolution of the partnership made the policy between it and Edlund and Dennison void. Plaintiff in error did not insist upon treating the contract at an end or ineffective by reason of such dissolution but by the attempted release it sought to be released from liability from the accident, and in the release itself it was stated it was to "cover only the case of Knut Hannibal," this being at a time when Edlund ran the business alone, and plaintiff in error manifestly knew that fact. Clearly, this would be treated as a waiver of any defense on account of the dissolution of the partnership. "Where there is a stipulation that a policy shall become void on the happening of some subsequent event and the insurer has notice that the event has occurred but does not cancel the policy, the provision is waived and the policy remains in force." (*Kelley* v. *People's Nat. Fire Ins. Co.* 262 Ill. 158.) The dissolution of a partnership does not necessarily render a policy void. *Allemania Fire Ins. Co.* v. *Peck,* 133 Ill. 220; see, also, 2 Joyce on Insurance, (2d ed.) sec. 2280.

Plaintiff in error having by the rider attached to the indemnity policy contracted to cover an accident under the Workmen's Compensation act, and as that act made plaintiff in error liable if the insured became bankrupt, in the light of what has been heretofore said we think the Indus-

trial Commission had jurisdiction as to the claim against plaintiff in error, and that the circuit court rightly held that there was a present obligation on the part of the plaintiff in error to pay the claim of the applicant, enforceable under the procedure of the Workmen's Compensation act.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*