---

(No. 13591.—Reversed and remanded.)
TRUSTEES OF SCHOOLS, Appellant, *vs.* THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellee.

*Opinion filed December 21, 1920—Rehearing denied Feb. 4, 1921.*

1. INSURANCE—*when insurable interest of mortgagee is not extinguished by foreclosure.* Where a fire policy on mortgaged premises provides that loss or damage shall be payable to the mortgagee "as interest may appear" and that the insurance as to the mortgagee's interest shall not be invalidated by foreclosure, a foreclosure by a decree and sale will not extinguish the insurable interest of the mortgagee where he becomes the purchaser at the sale, but such interest, to the extent of the debt, continues during the redemption period, while the mortgagor has an insurable interest for the full value of the property during the same period.

2. SAME—*what does not, of itself, amount to an increased hazard.* The mere foreclosure of a mortgage on insured premises and a sale thereof under the decree to the mortgagee does not, of itself, amount to an increased hazard.

3. MORTGAGES—*foreclosure by legal proceeding cuts off right of redemption.* A foreclosure by legal proceeding is the process of cutting off the mortgagor's right of redemption, and in case of a sale and failure to redeem, all existing rights in the mortgagor to redeem the property are lost and the purchaser at the mortgage sale is entitled to a deed conveying the absolute title.

APPEAL from the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

LITTLE & FINFROCK, for appellant.

LEFORGEE, BLACK & SAMUELS, and GREEN & PALMER, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, the Trustees of Schools of Township 17, north, range 9, east of the third principal meridian, in Champaign county, filed its declaration in assumpsit in the circuit court of that county against the appellee, the St. Paul Fire and Marine Insurance Company, alleging that on October 11, 1915, the defendant made its policy of insurance insuring J. F. Lannon against loss or damage by fire to the amount of $1250 on a two-story dwelling house owned by him in the village of Philo, in said county, for the term of three years; that the plaintiff was the holder and owner of a mortgage of the premises upon which the house was situated, executed by J. F. Lannon and Lou Lannon, his wife, to secure a note for $1250; that the policy contained this clause: "Loss or damage, if any, under this policy, shall be payable to school trustees town 17, range 9, Champaign Co., Ill., as mortgagee, (or trustee,) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act of neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property," etc.; that at the January term, 1918, of the circuit court of Champaign county a decree of foreclosure was entered, providing that on the failure of Lannon and his wife to pay the amount of the decree the real estate should be sold, subject to the statutory right of redemption; that the property was sold under the decree to the plaintiff and a certificate of purchase was executed to it; that on May 6, 1918, the dwelling house was wholly destroyed

by fire, and that the plaintiff had kept and performed all
things in the policy of insurance contained on its part to
be kept and performed. The defendant filed a plea of
the general issue and a special plea. The special plea was
demurred to, and the defendant withdrew the plea of the
general issue and moved the court to carry the demurrer
back to the declaration. The demurrer was sustained and
plaintiff elected to stand by its declaration, and judgment
was entered against it in bar of the action and for costs.
The Appellate Court for the Third District, on a writ of
error from that court, affirmed the judgment, and a cer-
tificate of importance was given and an appeal to this court
was perfected.

The declaration alleged that the property was insured
by the defendant, and the loss, if any, was made payable
to the plaintiff, as mortgagee, as its interest might appear,
and such interest should not be invalidated by any fore-
closure, and that the property was destroyed by fire during
the term of the insurance. The demurrer raised the ques-
tion whether, under the terms of the policy, the insurance
of plaintiff's interest terminated at the sale in the process
of foreclosure of the mortgage. The view of the Appel-
late Court was that by purchasing the premises at the fore-
closure sale for the full amount of the debt and costs the
mortgage was extinguished and the plaintiff was merely the
holder of the certificate of purchase, which might or might
not ripen into ownership, according to whether there was
a redemption from the sale or not, and such interest was
not insured. That would have been true if the only pro-
vision of the policy had been that the loss, if any, should
be paid to the plaintiff as mortgagee, (*Rawson* v. *Bethesda
Baptist Church*, 221 Ill. 216,) but there was a further agree-
ment that the insurance as to the interest of the plaintiff
should not be invalidated by any foreclosure or other pro-
ceeding or notice of sale relating to the property insured.
A foreclosure by legal proceeding is the process of cutting

off the mortgagor's right of redemption, and in case of a sale and failure to redeem all existing rights in the mortgagor to redeem the property are lost and the purchaser at the mortgage sale is entitled to a deed conveying the absolute title. The process alleged in the declaration was by a decree and a sale, subject to the right of the mortgagor to redeem during a specified period and of decree and judgment creditors thereafter for a further period, and at the expiration of the time allowed for redemption the purchaser was to be entitled to a conveyance and all rights to redeem would then be extinguished. The plaintiff had an insurable interest to the extent of the mortgage debt and the insurance was a further security for the debt. The mortgagor had an insurable interest to the extent of the full value of the property, and his interest continued after the sale and during the redemption period. *Norwich Fire Ins. Co.* v. *Boomer,* 52 Ill. 442.

In the case of *Rawson* v. *Bethesda Baptist Church, supra,* the holder of the indebtedness was insured only as mortgagee or trustee, without any provision that the insurance of the interest of the mortgagee should continue in case of foreclosure, and the question was whether the mortgagor or mortgagee was entitled to the insurance money which the trustee had received. The mortgaged property had been sold to the complainant in the foreclosure suit, leaving a deficiency of $416.05, and it was held that the complainant, by purchasing the property, stood in the same position and with the same right as any other purchaser would have had if he had purchased at the sale; that a new relation had been created not depending in any way upon privity of contract between the church and the complainant as purchaser, and that under the insurance contract the church was entitled to the insurance money, and when the trustee collected it he was bound to account to the church for it, less the deficiency. The court did not hold that the purchaser did not still have an insurable in-

terest in the property but decided that such insurable interest was not covered by the policy. In this case the plaintiff in the process of foreclosure had taken the property in satisfaction of the mortgage and still had an insurable interest, with an agreement that the foreclosure should not invalidate the insurance payable to it. There was not a complete foreclosure, since Lannon still had a right of redemption, and it was the insurable interest of the plaintiff in the dwelling house, regardless of any foreclosure, that was insured, and the plaintiff had that interest equally after the decree and sale as before. It is true that the debt as a debt was extinguished and Lannon was no longer liable for it, but that was not all of the agreement. Either the mortgage clause meant that the insurance should continue during the process of foreclosure or it was ineffective for any purpose. It is admitted that by the agreement the insurance was not to be invalidated by a foreclosure, which could only apply in case the plaintiff became the purchaser, for the reason that if anyone else had purchased the plaintiff would not have had any further insurable interest.

It is urged that the judgment must be sustained for the additional reason that the plaintiff had not done all the things stipulated by the policy to be done, because the declaration did not aver that the plaintiff had notified the defendant of increase of hazard. The declaration alleged that no increase of hazard had come to the knowledge of plaintiff, but it is said that the fact of the sale alleged showed that there was an increased hazard. That is not true. (*German Ins. Co.* v. *Gibe,* 162 Ill. 251; *Northern Assurance Co. of London* v. *Chicago Mutual Building and Loan Ass'n,* 198 id. 474.) The declaration alleged that the plaintiff had performed every act and duty imposed upon it by the policy. The court erred in sustaining the demurrer.

The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*