## No. 12,056.

Farmers' Union Mutual Protective Association of Colorado v. San Luis State Bank.

Decided September 30, 1929.

Messrs. GABRIEL, MILLS & MILLS, for plaintiff in error.

Mr. RALPH L. CARR, Mr. J. H. THOMAS, for defendant in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

THIS action was brought in the district court by the San Luis State Bank, a banking corporation, assignee of one E. E. Brown, to recover on an insurance policy issued by The Farmers' Union Mutual Protective Association, a corporation, indemnifying Brown against loss by fire or lightning. The parties will herein be referred to as plaintiff and defendant, as those respective positions were occupied by them in the court below. The defendant, at the conclusion of the evidence, moved for a directed verdict in its favor, and the plaintiff made a similar motion, and thereupon the court discharged the jury, and rendered judgment in favor of the plaintiff in the sum of $2,415.50, to review which this writ is prosecuted.

The defendant relies upon three assignments of error: First, that the policy was void because of a violation of a provision thereof against additional insurance; second, that at the time of the loss, the assignor of the plaintiff had no insurable interest; and third, that the judgment was excessive. .

The evidence discloses that on April 7, 1924, the defendant issued its "Certificate of Insurance," by which the property of the plaintiff's assignor was insured against loss by fire or lightning in the sum of $5,000; in the application upon which the certificate was issued, the insured set forth that his property was incumbered by a deed of trust to secure the payment of a $6,000 indebtedness; no provision in the policy was made for the payment to the cestui que trust in case of loss by fire or lightning; Brown, the insured and assignor of the plaintiff, had failed to comply with the provisions of

his deed of trust, and as a result thereof, on September 2, 1924, the property described in the deed of trust, of which the property insured was a part, was sold by the public trustee, and his certificate of purchase issued therefor; on May 7, 1925, a large portion of the property was totally destroyed by fire, and the defendant refused to pay the loss. Some time prior to October 8, 1924, and subsequent to September 2, 1924, the cestui que trust advised the insured that she had the buildings upon the incumbered premises heavily insured, and in reply to this, the insured advised that her policy was void because she had no insurable interest until after June 2, 1925, the date on which the public trustee's deed might issue to her; this advice, according to the insured, came from an attorney. After the fire and on May 5, 1926, the insured assigned his rights under the policy to the plaintiff, and the cestui que trust assigned, on June 6, 1925, all her rights in the certificate of purchase of September 2, 1924, and also all her rights in the insurance policy which she had effected upon the incumbered premises, to the plaintiff. The insurance company, under the policy issued to the cestui que trust, settled its loss in a manner agreeable to the plaintiff, and that company has no interest in this litigation.

1. Defendant's policy contains, inter alia, the following provision: "In consideration of thirty and no/100 dollars, as contingent and expense fees, and the requirements, limitations and conditions hereinafter contained, or contained in the application, the articles of incorporation and by-laws now in force, or hereinafter adopted by said company, which are attached to and are a part and parcel of this Policy * * *."

The by-laws attached to the policy were approved on March 16, 1922, and among them we find the following: "Sec. 16. Applicants for insurance shall notify the company of all incumbrances and of all insurance held by other companies upon the property insured. In default of such notice, policy of this association shall be void."

We understand it to be the contention of the defendant that these by-laws were amended and the amendment thereto approved April 11, 1924, and by reason of a provision of the policy itself, even though adopted after its issuance, became part and parcel thereof. Amended section 16 reads: "Sec. 16. Applicants for insurance shall fully state the title and condition of and all incumbrances and insurance upon the property to be insured. A failure to make such statement shall make the policy issued by this association void. When a member of this association takes out additional insurance with another insurance company and does not notify the state secretary of this association in writing of such additional insurance, and secure the concurrence of this association in the said insurance, the policy of this association shall be void and the association's liability shall cease from the date of such additional insurance."

We do not understand the contention of the defendant to be that the insured directly violated the provisions of section 16 just quoted by taking out additional insurance in another company, but that the cestui que trust in securing a policy upon these premises, did so by reason of the provisions of the deed of trust authorizing her so to do, and in procuring insurance, the cestui que trust was agent of the insured, and therefore the provisions were violated, and the policy upon which this action is brought is void, and judgment should be in favor of the defendant.

The particular provision of the deed of trust under which this contention is made, reads as follows: "And the said parties of the first part will in due season pay all taxes and assessments on said premises; and, at the request of the legal holder of said note, will keep all buildings that may at any time be on said premises, during the continuation of said indebtedness, insured in such company or companies as the holder of said note may, from time to time direct, for such sum or sums as such company or companies will insure for, not to ex-

ceed the amount of such indebtedness, except at the option of said parties of the first part, and will assign and deliver the policy or policies of insurance to the beneficiary hereunder, as further security for the indebtedness aforesaid. And in case of the refusal or neglect of said parties of the first part or either of them to thus insure, or assign and deliver the policies of insurance, * * * then the holder of said note * * * may procure such insurance, * * * and all monies thus paid, with interest thereon at 10 per cent per annum, shall become so much additional indebtedness.''

■ The peculiar phraseology of the above quoted section of the deed of trust would enable us to dispose of this assignment by saying that inasmuch as the defendant, under this defense, offered no evidence to establish a request by the cestui que trust for the insurance, and the assignment thereof as additional security for the indebtedness, there was neither refusal nor neglect on the part of the insured to procure insurance or assign the policy. The quoted portion of the deed of trust makes the action of the party of the first part, respecting insurance and assignment of policies, dependent entirely upon the ''request of the legal holder of the note.'' In the absence of a request by the legal holder of the notes, the party of the first part was not obligated to either insure or assign. We might well assume that the holder of the note was entirely satisfied with his security, and neither required nor desired any additional by way of insurance. Under the terms and conditions of the deed of trust, the cestui que trust, after a request that the trustor should procure insurance and assign the policy to her as additional security for her indebtedness, and the trustor's refusal or neglect to do so, might procure insurance upon the incumbered premises, and charge the expenses thereof to the trustor, but until the refusal to procure and/or the failure to assign, the deed of trust itself conferred no authority upon the cestui que trust to obtain insurance. If the cestui que trust, under the

circumstances just mentioned, obtained insurance, it was not by any authority under the deed of trust, and she certainly did not become the agent of the trustor in so doing.

We will assume that the amendment to section 16, supra, adopted on April 11, 1924, had the same force and effect upon this policy of insurance as if it had been attached to the policy. This section contains a direct prohibition against additional insurance by the member without the consent of the defendant. The defendant contends that such a provision in a fire insurance policy is valid, and has been so held in the case of *National Mutual Fire Ins. Co. v. Duncan,* 44 Colo. 472, 482, 98 Pac. 634, 20 L. R. A. (N .S.) 340, wherein we said: "The requirement in a policy that other insurance covering the same property must be assented to in writing and indorsed on the policy is valid. * * *"

It should be observed, however, that this particular language used by the court was in construing the following provision of the policy then under consideration: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has, or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy."

It was held that this provision of the policy was not violated by an application for insurance, "when it appears that the company to which application for additional insurance was made, as well as the owner, understood that no risk was ever assumed by the former." The law announced in the National-Duncan case supra is sound, but the facts are not such as will justify us in saying that it has any application to the instant case.

The policy which the cestui que trust secured may have been insurance upon her particular interest in the property, and inasmuch as the record is silent upon this point, we are justified in assuming that her

policy was for that purpose. If the policy obtained by the cestui que trust was upon her particular interest in the property, as evidenced by her note and deed of trust, it was not "additional insurance" in violation of the terms of the defendant's policy, and therefore no defense to the action founded upon its policy. In this connection we find:

"In order to invalidate a policy upon the ground of a breach of the condition against other insurance, it must be shown that such other insurance *was obtained by the insured, or some one authorized by him to obtain it, or that he subsequently assented thereto.* * * * Thus, where the mortgagor of real estate procured an insurance upon the property, conditioned that other insurance upon the property, without the consent of the company [should void his policy], it was held that the taking out of a policy upon the *same property* by the mortgagee, was not 'other insurance' within the meaning of the condition." 2 Wood on Fire Insurance (2d Ed.) p. 784, §376.

"*Neither identity of name or identity of property is decisive upon the question; in order to amount to other insurance, the interests covered by the policies must be identical.*" 2 Wood on Fire Insurance (2d Ed.), p. 785, §377.

"A policy held by a mortgagor is not vitiated by a policy subsequently taken out by the mortgagee, though it prohibits 'other insurance,' as the interest thus insured by the second policy is distinct from the mortgagor's interest, so that the insurance of that interest does not constitute 'other insurance' within the meaning of the policy." 3 Cooley's Briefs on Insurance (2d Ed.), p. 2874.

"If an owner of property accepts a fire policy thereon, containing a condition that it shall be void if other insurance is taken on the insured property, the fact that the mortgagee of such property subsequently takes other insurance on his interest, does not avoid the own-

er's insurance, especially when neither knew that insurance had been procured by the other." 4 Joyce on The Law of Insurance (2d Ed.), p. 4114, §2462b.

"The general rule that different persons each having a different interest in property may insure that interest also prevails where different policies are effected by the mortgagor and mortgagee upon the property. The mortgagor may insure the property to cover his interest, and the mortgagee may likewise insure his interest in the property, and it will not be within the meaning of the clause as to other insurance." Joyce on The Law of Insurance (2d Ed.), p. 4120, §2470.

To the same effect see 14 R. C. L., p. 1138, §320; 26 C. J., p. 263, et seq; May on Insurance (4th Ed.), p. 803, §365.

The texts above cited have ample support in many cases too numerous to cite here, but some in point are: *Church v. Sun Fire Office Co.*, 54 Minn. 162, 55 N. W. 909, 910; *Titus v. Glenn Falls Ins. Co.*, 81 N. Y. 410-415; *Cannon v. Home Ins. Co.*, 49 La. Ann. 1367, 22 So. 387, 388; *Niagara Fire Ins. Co. v. Scammon*, 114 Ill. 490-499, 28 N. E. 919, 32 N. E. 914; *Kelley v. People's Nat'l Fire Ins. Co.*, 262 Ill. 158-160, 104 N. E. 188; *Gould v. Maine Farmers Ins. Co.*, 114 Me. 416, 96 Atl. 732, L. R. A. 1917A, 604; *Carpenter v. Cont. Ins. Co.*, 61 Mich. 635-638 et seq., 28 N. W. 749; *Home Ins. Co. v. Koob*, 113 Ky. 360-366 et seq., 68 S. W. 453, 58 L. R. A. 58.

2. We understand the second contention of the defendant to be, that the assignor of the plaintiff had no insurable interest at the time of the loss by fire, and therefore the policy was void. This contention, as we understand it, is founded upon the assumption that when the sale under foreclosure was had on September 2, 1924, and a certificate of purchase issued, that under section 5054, C. L. 1921, the assignor had until March 2, 1925, within which to redeem, and having failed to do so, all his interest in the premises ceased, and the fire having occurred on May 7, 1925, after his right of re-

demption had expired, there could be no recovery because there was no insurable interest. The assignor of the plaintiff had some interest in the property until such time as the trustee under the deed of trust actually executed his deed to the person entitled thereto. We do not find any case in our jurisdiction directly announcing this rule with reference to deeds issued by the trustees, but the analogy between sales under executions, sections 5950 and 5951, C. L. 1921, and section 5054, C. L. 1921, and section 5055, as amended in Session Laws 1923, page 668, is so marked, as to make the reasoning with reference to sale under execution particularly applicable to sales under deeds of trust, and the principles announced in our decisions control. *Hayes v. New York Co.*, 2 Colo. 273, 277; *Manning v. Strehlow*, 11 Colo. 451, 457, 18 Pac. 625; *Paxton v. Heron*, 41 Colo. 147, 153, 92 Pac. 15; *Bailey v. Erny*, 68 Colo. 211, 213, 189 Pac. 18; *Carlson v. Howes*, 69 Colo. 246, 248, 193 Pac. 490.

After the six-months period of redemption, there were two valuable rights still available to the trustor: (1) Possession of the premises until the deed of the public trustee was actually executed. (2) The right to have the premises redeemed by a judgment creditor of the trustor. Our statutes, section 2472, subdivision (e) C. L. 1921, define ''Insurable interest in property'' as ''every interest in property or any relation thereto, or liability in respect thereof, of such a nature that a contemplated peril might directly damnify the insured.''

That a trustor has rights in the incumbered property, and that this right continues until the actual execution of the deed by the trustee, and that the right is an insurable interest, see: 1 Cooley's Briefs on Insurance (2d Ed.), p. 256, et seq; 2 Joyce on Insurance, p. 2118, §1039, et seq; 2 Clement on Fire Insurance, p. 132; Sunderlin on Fire Insurance, Lecture 34, p. 6; May on Insurance (4th Ed.), §80, et seq; 26 C. J., p. 29, §10; 14 R. C. L., p. 915, §92; Bunyon on Fire Insurance (7th Ed.), p. 47.

The following Colorado cases are helpful on the question of insurable interest: *Michigan Ins. Co. v. Wich,* 8 Colo. App. 409, 415, 46 Pac. 687; *Helvetia Swiss Ins. Co. v. Allis,* 11 Colo. App. 264, 276, 53 Pac. 242; *American Cent. Ins. Co. v. Donlon,* 16 Colo. App. 416, 418, 66 Pac. 249.

The cases in other jurisdictions, announcing the same principle, are so numerous that we shall limit ourselves to the following: *Cone v. Niagara Ins. Co.,* 60 N. Y. 619, 621 et seq.; *School Trustees v. St. Paul Ins. Co.,* 296 Ill. 99, 102, 129 N. E. 567; *Twin City Co. v. Stockmen's Bank,* 261 Fed. 470, 479; *Columbian Ins. Co. v. Lawrence,* 2 Pet. (U. S.) 25, 7 L. Ed. 335; *Insurance Co. v. Stinson,* 103 U. S. 25, 27, 26 L. Ed. 473; *Strong v. Manufacturers' Ins. Co.,* 10 Pick. (Mass.) 40, 43.

■ 3. The defendant contends that the judgment is excessive, basing this contention upon the assumption that the assignor of the plaintiff had less than a month within which to enjoy the use of the premises, and this was the only interest for which he could possibly be compensated. This is an erroneous assumption. As we have heretofore determined, there is ample and highly reliable authority for holding that, when the policy was issued, and thereafter a loss occurred, the mortgagor, under the circumstances of this case, may recover the entire loss, irrespective of the incumbrance, or the fact that the cestui que trust also had a policy in which her interest, to the amount of the indebtedness, was insured. *Strong v. Manufacturers' Ins. Co.,* 10 Pick. (Mass.) 40; *Lazarus v. Commonwealth Ins. Co.,* 19 Pick (Mass.) 81, 95, 96; *Insurance Co. v. Stinson,* 103 U. S. 25, 29, 26 L. Ed. 473; *U. S. v. American Tobacco Co.,* 166 U. S. 468, 479, 17 Sup. Ct. 619; *Stephens v. Ill. Mutual Co.,* 43 Ill. 327, 331; *Gilman v. Dwelling-House Ins. Co.,* 81 Me. 488, 17 Atl. 544, 545; *Sammons v. American Fire Ins. Co.,* 94 S. C. 366, 77 S. E. 1108, 1110; *Carpenter v. Providence Ins. Co.,* 16 Pet. (U. S.) 495, 500; *Trustees v. St. Paul Ins. Co.,* 296 Ill. 99, 102, 129 N. E. 567; *Cone v.*

*Niagara Ins. Co.,* 60 N. Y. 619, 624; *Jenks v. Liverpool Ins. Co.,* 206 Mass. 591, 92 N. E. 998, 999.

See also: May on Insurance (4th Ed.), p. 156, §81, p. 992, §424; Cooley's Briefs on Insurance (2d Ed.), pp. 254, 5059; 2 Joyce on Insurance, §1029; 14 R. C. L., p. 915, §92; 26 C. J., p. 28, §9.

■ Exhibit D, admitted without objection, is a "Sworn Affidavit of Loss by Fire or Lightning," and is subscribed and sworn to by claimant and two disinterested witnesses, and fixed the loss at $5,480, while the liability of the defendant is limited in its policy to $5,000. When exhibit "D" was offered and admitted without objection, counsel must have had in mind that its only purpose was to fix the amount of the loss, and this was equivalent to a stipulation that the court might consider this exhibit as evidence for that purpose. The contract of the defendant was to insure the assignor of the plaintiff against loss by fire or lightning in the sum of $5,000, knowing at the time the policy was issued that there was a $6,000 incumbrance against the property, of which that described in its policy was a part. Under the authorities which we have cited, and approve, the judgment in this case is less than the court would have been justified in allowing under the evidence.

Judgment affirmed.

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.